## THE PEOPLE v. PERLY W. PEARSALL.

*Exclusion of questions—Motion for new trial—Alibi.*

Refusal to permit a question is immaterial if a question of the same import is afterward allowed and counsel are permitted to pursue the subject as fully as they see fit.

Findings on a motion for a new trial cannot be brought up for review with the rest of the case.

In instructing the jury as· to the evidence of an alibi the judge told them that the defense, if made out, was perfect, and was conclusive of respondent's innocence, and that they must be satisfied of respondent's guilt by proofs beyond reasonable doubt, but that as the proof of the alibi was in conflict with the direct proof offered by the prosecution, they should weigh the testimony thereof in connection with the other testimony in the case, and consider it as met or explained by that of the defense, and determine whether, in view of all the testimony, the witnesses to an alibi were mistaken or that they were able to say from the testimony of the prosecution, as explained by that of ,the defense, that there was no reasonable doubt that respondent was guilty. *Held* that it could not be said that the jury might not have been misled by this charge into thinking that the alibi must be affirmatively shown, and that a reasonable doubt of the prisoner's presence would not warrant his acquittal.

A jury in a criminal case should not be instructed to test the truth of evidence given by the defence by that of the prosecution where it is inconsistent therewith.

Exceptions before judgment from Kent. (Montgomery, J.) Jan. 18.—Feb. 27.

LARCENY. Respondent was convicted. Reversed.

Prosecuting Attorney *F. A Maynard* and Attorney-General *Jacob J. Van Riper* for the People. The refusal of a court to grant a new trial cannot be reviewed in reviewing the main case: *Mahoney v. People* 43 Mich. 40 ; *Crippen v. People* 8 Mich. 117 ; *Hill v. People* 16 Mich. 351 ; *Final v. Backus* 18 Mich. 218 ; *Toulman v. Swain* 47 Mich. 82.

*E. S. Eggleston* for respondent.

GRAVES, C. J. This case comes up on exceptions before judgment. The findings made by the circuit judge on the motion for a new trial are out of place here. We can do nothing with them. The refusal to permit the defendant to testify what was sworn to by the witness Albee on the examination concerning the means for identifying the defendant is of no importance. The ruling effected nothing. The inquiry which was rejected was immediately followed

by another of the same import and defendant's counsel was allowed to pursue the subject as fully as he wished.

The case for the People was that the theft was committed by the defendant and one Kost jointly, and the defendant adduced testimony tending to show that he was not with Kost, but was at another place at the time. On this subject the judge charged as follows :

" The defense insists and have given evidence tending to show that the respondent was not in the company of the witness Kost on the occasion in question, and was not concerned in the commission of the offense, if any offense was committed. The testimony offered for that purpose is—*First*, the testimony of the respondent himself, who denies the charge in toto ; and *second*, an alibi which consists in proving that at the time the respondent is alleged to have been in the company with Kost, he was elsewhere, and hence could not have committed the offense. This defense, if made out, constitutes a perfect defense, but as it is in conflict with the direct proof offered by the prosecution you should weigh such testimony in connection with the other testimony in the case, and determine whether the witnesses are correct in their statements as to dates, or whether in view of all the testimony you are able to say that they are mistaken.

" If, however, the defense of an alibi is made out you are to treat it as conclusive of the innocence of the respondent and acquit him.

" You must be satisfied of the guilt of the respondent by the proofs of the case beyond a reasonable doubt ; the law presumes him innocent until he is proven guilty."

The judge then gave an exposition of the term " reasonable doubt," to which no exception was taken, and commented on the course to be observed in estimating the testimony of Kost, the alleged accomplice, and followed with this observation :

" You are to consider the whole case upon all the testimony, the testimony of the prosecution as met or explained by that of the defense, and determine whether you are able to say from such testimony that there is no reasonable doubt that the respondent is guilty as charged."

Two objections are preferred against the charge :

1st. That it conveyed the idea that absence of the defend-

ant from the theater of the crime was something that must be affirmatively made out by the defense and that a reasonable doubt of his presence would not warrant an acquittal.

The case in this aspect of it bears considerable resemblance to *Sullivan v. People* 31 Mich. 1. In that case the portion of the charge relating to the defense of alibi was misleading; but the Court concluded that a later portion was sufficient to correct any misconception which might have resulted without it. This case presents a similar question of construction. Conceding, as I think we should, that the portion of this charge first quoted would, if not qualified, be open to the objection urged against it, it remains to see whether the subsequent instruction above quoted must be deemed to have removed the difficulty and to have left the jury with proper impressions on the subject. In *Sullivan's case* both portions of the charge were more pointed and decisive, and the character of the expressions would lead one to feel more certain in that case than in this that the second statement was understood by the jury as qualifying the first.

Upon the whole if the result here depended on it I should hesitate to say that the jury could not have been misled.

2d. The second objection is that it was a misdirection to pick out the testimony submitted by the defense to show that the defendant was not present and could not have participated in the offense, and to instruct the jury to subject it to the test specified. I think this point is well taken. The charge isolated this testimony for the defense, and because it was not consistent with the evidence for the People the jury were told that they should weigh it with the other testimony to see whether the defendant's witnesses were not mistaken. This discrimination and the ground of it were disparaging, and it was a natural inference that the circuit judge regarded the testimony thus pointed out as suspicious. But this is not all. The charge was an indirect but evident instruction that the People's evidence was worthy of being used and might be used as a standard by which

to test the truth of that given on this subject on the part of the defense.

For this reason I think the conviction should be reversed and the court advised to give the defendant a new trial.

MARSTON, J. While it may not be entirely clear that the circuit judge intended this charge to have the effect given it, yet the jury may have taken a somewhat similar view and been misled thereby, and as in a criminal case the respondent should have the benefit of the doubt I concur in the conclusion arrived at by the Chief Justice.

COOLEY, J. concurred.