THE STATE, DEFENDANT IN ERROR, v. VINCENZO DE-GERALMO, PLAINTIFF IN ERROR.

Submitted April 8, 1912—Decided June 5, 1912.

1. The defendant, being on trial for the crime of attempting to commit a rape, offered considerable testimony tending to prove an *alibi*, and at the close of the case. requested the court to charge "that if reasonable doubt of guilt is raised even by inconclusive evidence of the *alibi*, defendant is entitled to the benefit of it," to which the court responded, "I will charge you that the evidence must satisfy you of the defendant's guilt beyond a reasonable doubt." *Held*, that this was not a legal compliance with the request, the court not having dealt with the subject-matter of the request in any part of its charge.
2. Where a request to charge calls for the application of a correct legal principle, is applicable to the testimony. and clearly material to defendant's case, he is entitled to have it distinctly charged in such way as not to leave room for misapprehension or mistake by the jury.

---

On error to Union County Quarter Sessions.

Before Justices BERGEN, VOORHEES and KALISCH. ·

For the state, *C. Addison Swift.*

For the defendant, *William R. Wilson.*

The opinion of the court was delivered by

BERGEN, J.` The defendant was convicted of an attempt to commit a rape, and brings the record here for review under section 136 of the Criminal Procedure act. Many causes are specified as ground for reversal, but it is only necessary to consider one of them.

The case made by the state was that a man entered the room of the complaining witness at night whose face she did not see, and the evidence of his guilt rests upon her subsequent identification of him through his voice, and an odor of garbage about his clothes while he was in the room, it being shown that he was a garbage collector, and upon a comparison of finger marks found upon one of the posts of a portico, by which the guilty person ascended from the ground to the window of her room, a duly qualified expert having compared the admitted finger prints of the defendant with those found on the post, testifying that in his opinion the impressions were made by the same hand. In addition to this it was shown that a cap left in the room by the guilty party resembled a cap sometimes worn by the defendant. This was substantially the state's case. The defendant was called as a witness in his own behalf and denied the charge, saying that he was at home on the night in question and went to bed about eight-thirty, remaining there all night, and was not out of his bed until about six o'clock the next morning. If this was true then he has established an *alibi.* Defendant's wife testified that she occupied the bed with her husband; that she was awakened two or three times during the night, the last being about one o'clock, to look after a sick child, and that her husband was in bed each time, but after that she slept until four o'clock, when aroused by an alarm clock, and her husband was still there. There was

other testimony tending to sustain the evidence of an *alibi*. With the case in this condition the court charged the jury, after referring to some of the evidence, that if the defendant was not present when the crime was committed it would be a good defence, but did not instruct the jury that if this evidence raised a reasonable doubt of defendant's guilt he was entitled to the benefit of it, whereupon the defendant requested the court to charge "that if reasonable doubt of guilt is raised, even by inconclusive evidence of the *alibi*, defendant is entitled to the benefit of it." The court in response, said "I will charge you that the evidence must satisfy you of the defendant's guilt beyond a reasonable doubt." If the request was proper it certainly was not charged by what the court said. and amounted to a denial of it. The request was a correct statement of the law. The setting up of an *alibi* as a defence to a crime does not change the presumption of innocence or relieve the state of its burden to establish defendant's guilt beyond a reasonable doubt, and if the evidence relating to the *alibi* considered alone, or in connection with all the other evidence leaves a reasonable doubt of guilt in the minds of the jury they should not convict. Even if the evidence be insufficient to satisfy the jury that the accused was not present, it cannot be rejected, but should be considered with the other evidence in the case, and therefore we think that the defendant was entitled to have the jury distinctly instructed that if a reasonable doubt was created by the evidence relating to the *alibi*, even if it did not conclusively establish it, he was entitled to the benefit of such a doubt. It is not a compliance with the request made in this case to simply charge that the jury must be satisfied by all the evidence of defendant's guilt beyond a reasonable doubt, for that ignores the concrete proposition of law presented which defendant was entitled to have applied. The charge of the court on this branch of the case, after stating that the defence was that defendant was not present when the crime was committed, was "You have heard the various witnesses offered on his behalf. You have heard the testimony of his friends who came from Jersey City, as to their being at his house on the

afternoon of that day, and that he was there with them, and, of course, that is not a complete *alibi* to this charge, but is evidence as to his movements. You have heard the testimony of defendant's wife and of Lucianno and his wife, going to show that the defendant was in that house all night, that is the night on which it is alleged this crime was committed." Manifestly this charge, which was all the court said on this subject, submitted nothing to the jury, if it did that, but the extent to which defendant had been able to establish his defence that he was not present when and where the crime charged was committed, and in no way instructed the jury concerning the evidential effect of the testimony regarding the *alibi* in creating a reasonable doubt as to the conclusiveness of defendant's presence when the crime was perpetrated, the burden of proving which was upon the state, and was not shifted by the proposed defence. The impression left upon the jury must have been that the evidence tending to show the absence of the defendant could not be given effect unless it outweighed that which tended to show his presence, and it is quite like the situation condemned in *State* v. *MacQueen*, 40 *Vroom* 522, 531.

The request in the present case contained a correct statement of the law, was applicable to the testimony, and clearly material to the defendant's case, which he was entitled to have distinctly charged, and in its refusal he suffered a manifest wrong and injury.

"One of the most important duties of the court is to declare the law applicable to a case to the jury when requested so to do. This should be done in such a way as not to leave room for misapprehension or mistake." *Roe* v. *State,* 16 *Vroom* 49.

We are of opinion that the defendant was entitled to have the legal proposition requested distinctly charged, and that this was not complied with by the court, unless the legal effect was substantially covered by its charge to the jury (*Aldrich* v. *Peckham,* 45 *Vroom* 711; *Mellon* v. *Victor Talking Machine Co.,* 48 *Id.* 670), and a careful examination of it shows that the precise point raised by the request

was not adverted to by the court in any part of its charge. Therefore the defendant is entitled to have this judgment reversed and a new trial granted, and it is so ordered.