BLATY *v*. GRAY.

1. APPEAL AND ERROR—NEW TRIAL—FAILURE OF TRIAL JUDGE TO
   FILE REASONS FOR DENYING NEW TRIAL IN WRITING—QUESTIONS
   REVIEWABLE. .

   Failure of the trial judge to comply with appellant's
   request to file in writing his reasons for denying a motion
   for a new trial is not of itself reversible error, but it
   leaves the case where the Supreme Court should and will
   examine and determine the question as to whether or not
   a new trial should have been granted.

2. CONVERSION—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.

   In an action for the wrongful conversion of a stock of
   goods, where appellant claimed that he acted simply as a
   broker, testimony which, if believed, showed greater ac-
   tivity on his part in the transaction than that of a broker,
   *held*, to justify refusal of a directed verdict in his favor.

3. FRAUD—PRESUMPTIONS.

   Fraud is not to be presumed but must be clearly established
   by a preponderance of the evidence.

4. CONVERSION—EVIDENCE—ADMISSIBILITY—BEST EVIDENCE RULE. .

   Where a copy of the bill of sale of said stock of goods
   was attached to the declaration and defendants' plea did
   not deny that it was a true copy, complaint of the proof
   in relation thereto is without merit, especially where the
   original was in the possession of one of the defendants
   and although demand was made upon defendants' attorney
   to produce it, it was not produced.

5. SAME—FRAUD—STATUTE OF FRAUDS—REPRESENTATIONS AS TO
   CREDIT OF ANOTHER.

   Section 11983, 3 Comp. Laws 1915, requiring favorable rep-
   resentation or assurance made concerning the character,
   conduct, credit, etc., of a third person to be in writing
   in order to support an action thereon, has no application
   to an action for fraudulent representations in the con-
   version of a stock of goods.

6. AMENDMENTS—PLEADING—STATUTORY DEFENSE.
    A motion to amend the plea to allow a statutory defense
        was properly denied where the statute relied on was not
        applicable to the case.

Error to Wayne; Goff (John H.), J.    Submitted
October 18, 1921.    (Docket No. 136.)    Decided March
30, 1922.

Case by Khalil Blaty and others, copartners as Blaty
& Company, against James C. Gray and others for the
wrongful conversion of a stock of goods.    Judgment
for plaintiffs.    Defendant Gray brings error.    Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for appellant.

*Joseph H. Primeau, Jr.* (*Howard H. Campbell,* of
counsel), for appellees.

MOORE, J.    Plaintiffs are Syrians, who prior to November 2, 1918, operated a grocery store at 2008 Grand
River avenue, Detroit, Michigan.    On that date defendants Edward G. Feldman and Richard W. Guyney obtained a bill of sale from plaintiffs of the stock
of groceries and fixtures.    Within two days the fixtures had been sold and the stock of groceries removed
and the building vacated.    This suit was commenced
by *capias.*    The declaration is for the unlawful conversion of the stock and fixtures which it is claimed
were obtained by fraud.    We quote from the declaration:

"That on the said 2d day of November in said city
of Detroit, Michigan, that said defendants, with intent
to deceive and defraud the said plaintiffs, by inducing
the said plaintiffs to sell to the said defendants Richard
W. Guyney and Ed. G. Feldman, their business and
stock of goods, furniture and fixtures in the store so
conducted by them at No. 2008 Grand River Avenue,
falsely and fraudulently represented to the plaintiffs

that the said purchasers were solvent and were worth large sums of money amply sufficient to pay any and all claims and indebtedness for the purchase price of said goods and business, and that the said James C. Gray represented that said purchasers intended to continue said grocery business and wanted the transaction made out in this particular way.  *  *  *

"That the said representations, made by the said defendants respectfully were false in that the said James C. Gray knew that the said defendants Guyney and Feldman would not conduct a store at said premises and purchased said property with the very purpose of defrauding said plaintiffs; and further, that said James C. Gray contrived and confederated with the other two defendants to help the sale of said premises, in order to defraud these plaintiffs of the purchase price of said goods; that said Richard W. Guyney did not own any property in said village of Hamtramck and never did own any such property and that such statements were made merely for the purpose of inducing these plaintiffs to sell and that he has no means to pay the indebtedness of the notes which he signed, amounting to twelve hundred and eight dollars, and that the said Ed. G. Feldman never had any interest in any store in the city of Detroit, Michigan, as represented by him, and especially in the store of B. Feldman & Company on Melrose street in said city; and all of which representations were, on said November 2d, known by the said defendants to be false and fraudulent."

Attached to the declaration was a copy of the bill of sale, from which we quote:

"Excepting an indebtedness of $1,208 due creditors of said first parties for goods and stock now in said store and which indebtedness is assumed by said second parties and payment thereof to be made by said second parties within sixty days from the date hereof according to the terms of two notes given by said Richard W. Guyney and wife as security for the payments thereof, and amount to be a lien against said property above conveyed until the indebtedness to said creditors is fully paid."

Defendant Gray pleaded the general issue.   After all the evidence was in he sought to file an amended plea to the effect that any representations made by him were not made in writing and he could not be held under section 11983, 3 Comp. Laws 1915.   The court declined to receive the plea at that time.   At the close of the testimony offered by the plaintiff, and again at the close of all the testimony, defendant Guyney and defendant Gray each asked for a directed verdict. This the judge declined to do.   The jury returned a verdict in the sum of $2,000, upon which a judgment was entered.   The defendant Gray moved for a new trial for 22 reasons.   The court was requested if the motion was overruled to file his reasons for doing so. The court denied the motion but did not file his reasons in writing.   The case is brought here by writ of error.

At the outset we may as well inquire whether the failure of the court to file his reasons for denying the motion for a new trial was reversible error.   It was the duty of the judge to comply with this request, but his failure to do so, of itself, is not reversible error, but it leaves the case where this court should and will examine and determine the question of whether a new trial should have been granted or not.   The defendant Gray is the only one appealing.

The most important question is whether the court should have directed a verdict in favor of Mr. Gray. It was his claim that he simply acted as a broker, and that all he realized out of the transaction was $70, though he was entitled to commissions aggregating $100.

The judge, after stating the claim of Mr. Gray, charged the jury:

"The burden of proof in this case is upon the plaintiffs.   It is upon the plaintiffs in this case to show by a preponderance of evidence the material facts which they have alleged in their declaration.   By a

preponderance of evidence we mean simply the greater weight of evidence; in other words, the plaintiffs in this case must produce evidence which in your minds carries the greater weight than that which has been produced against it.     *     *     *

"It is not necessary for the plaintiffs in this case to prove every allegation in their declaration; if they have satisfied you in regard to the material allegations such as would produce in the minds of the plaintiffs a reliance on the financial ability of these parties, in such case it would not be necessary for them to prove every allegation in the bill.     *     *     *

"Fraud is not legally to be presumed; there must be substantial evidence to prove it; it is not to be inferred from slight circumstances and must be established from satisfactory evidence.     It must be proved by facts which are not consistent with an honest motive, an honest purpose.

"If you do not think that the plaintiffs have proven the facts to establish a fraudulent course of conduct on the part of the defendants or either of them in relation to their transactions with the plaintiffs, or if the facts proven are consistent with honest conduct on the part of either one of the defendants, then it would be your duty to find a verdict in favor of such defendant as you may think the case has not been proven against.

"Fraud is seldom capable of direct proof; it must be established by facts and circumstances taken together, and the natural inference taken therefrom which will satisfy the ordinary unbiased man either as a juror or outside of the jury box, that the fraud exists.

"There is a charge made in the declaration, and it had been reiterated here in this trial, that there was a conspiracy existing between the defendants, Guyney, Feldman and Gray.     Now that is a matter which is submitted to you for your consideration.     If you should find, after an examination of all the facts and circumstances in this case, that these defendants engaged in and confederated together with a view of depriving these plaintiffs of their property fraudulently, if you should become satisfied of that act, under a preponderance of evidence, after an examination of

all the facts and the testimony in the case, then I charge you that any statement that was made by any one of the defendants for the purpose of carrying out a fraudulent design would be chargeable to the other defendants. If, on the contrary, you should find that there was no conspiracy and that these men were simply acting without reference to each other and in the pursuit of their own business, then no one of them would be responsible for the allegations of the other party. So in this case, if you should find that the defendant Gray was simply acting as a broker in this case and did nothing further toward promoting the sale, excepting as a promoter, your verdict would be that he was not guilty in this case. * * *

"It would not be necessary for you to find both defendants guilty in order to find a verdict for the plaintiff, but you could find either one of the defendants guilty. There are only two now before you—one is Mr. Guyney and the other is Mr. Gray; if you should be satisfied that either one of them had not the necessary proof against him, I have charged you, by preponderance of evidence, you could find one not guilty and the other guilty."

The record shows beyond doubt that a stock of goods and store fixtures were negotiated for and obtained and disappeared within 48 hours under such circumstances as to justify the clear inference that some one was guilty of fraud. Mr. Gray claims to be innocent. There is testimony which, if believed, shows greater activity in the transaction on his part than simply that of a broker. As we have seen, the trial judge left the question to the jury. It was not error to refuse to direct a verdict. Complaint is made of the proof in relation to the bill of sale. The claim is that the original bill of sale should have been produced and that if it had been it would have shown that the words we have quoted from the copy which was attached to the declaration would not have appeared therein. The record does not show any denial in the plea that it was a true copy. The record does show

that a demand was made upon the attorneys for the defendants to produce the original; that they disclaimed having it, stating that when last seen it was in the possession of Mr. Feldman, and that he was in California. Upon this record the objection is without merit.

It is claimed the court erred in not permitting the amended plea. We do not think the provisions of section 11983, 3 Comp. Laws 1915, apply to a situation such as is disclosed by this record.

We shall not discuss the other assignments of error further than to say we do not think them well taken. The case was carefully tried. We find no reversible error.

The judgment is affirmed, with costs to the appellees.

WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. FELLOWS, C. J., did not sit.

The late Justice STONE took no part in this decision.