PEOPLE v. GENTHER.

1. CRIMINAL LAW — ROBBERY WHILE ARMED — ALIBI — TRIAL—IN-
STRUCTIONS.

In a prosecution for robbery while armed, where defend-
ant claimed he was not at the place of the robbery when
the crime was committed, it was not reversible error for
the court to fail to give instructions relative to such
defense, in the absence of any request therefor, since
it is within the common intelligence of jurors, without
being told, that, if accused was at another place at the
time of the robbery, he was not the robber.

2. SAME—TRIAL—INSTRUCTIONS.

The charge of the court, held, to fairly present to the
jury the question of defendant's participation in the
robbery.

3. SAME — ROBBERY — NEW TRIAL — EVIDENCE — GREAT WEIGHT
OF EVIDENCE.

Where the robbery took place in a store, in the evening
with all the lights on, and defendant was identified, five
hours later, by the victim of the robbery, as the robber
who went through his pockets and took his money, it
cannot be said that the verdict of guilty was against the
great weight of the evidence.

4. SAME—NEW TRIAL—AFFIDAVITS—LOCAL PREJUDICE.

Affidavits by two citizens in support of a motion for a
new trial, stating deponents' belief that all of the citizens
of a city of about a million inhabitants were prejudiced
against persons accused of the crime of robbery while
armed, and believed any person so accused to be guilty
unless his innocence were established, and that any citizen
acting upon the jury would not render a verdict in a fair
and unbiased manner, held, too general to impeach the
verdict of the jury.

Error to recorder's court of Detroit; Keidan (Harry
B.), J.    Submitted January 13, 1922.    (Docket No.
158.)    Decided March 31, 1922.

Andrew Genther was convicted of robbery while armed, and sentenced to imprisonment for not less than 10 nor more than 20 years in the State prison at Jackson.   Affirmed.

*Entenza & Gramer,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *John V. Brennan,* Assistant Prosecuting Attorney, for the people.

WIEST, J.   Defendant was convicted of the crime of robbery while armed, with intent to kill or maim if resisted.   At the trial defendant claimed he was not at the place of robbery, and it is contended that, in charging the jury, the trial judge failed to give instruction relative to such defense.   Counsel for defendant presented no requests to charge.   It is within the common intelligence of jurors, without being told, that if the accused was at another place at the time of the robbery, then, of course, he was not the robber.

We have examined the charge and find the question of defendant's participation in the robbery was fairly presented to the jury.   It is claimed:

"The testimony offered by the defense was of such a nature and character that only a prejudiced and biased jury could have decided that the defendant was guilty of the crime charged.   The verdict was contrary to the great weight of the evidence."

A reading of the testimony does not persuade us there is any support for the argumentative part of the assignment of error.   The robbery took place in a store, in the evening, with all lights on, and defendant was identified, five hours later, by the victim of the robbery, as the robber who went through his pockets and took his money.   We cannot hold that the verdict should be set aside as against the great weight of the evidence.

After the verdict, counsel for defendant in a motion for a new trial presented two affidavits, in each of which it was stated:

"Deponent further says that it is his belief that all of the citizens of Detroit were prejudiced against any person accused of the crime of robbery while armed, and believed any person so accused to be guilty, unless his innocence were established, and entertain the same feelings of bias and prejudice as this deponent.

"Deponent further says that in his opinion any citizen of this State who might act upon the jury in a trial of any such cause could not render a verdict in a fair and unbiased manner."

Such a general charge, based upon the belief of two citizens, spreads out too thin in a city of about a million inhabitants, to reach or impeach the verdict of the jury.

We find no error, and the conviction is affirmed.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.