PEOPLE *v.* MARVILL.

1. APPEAL AND ERROR—NEW TRIAL—REASONS FOR DENYING TO BE IN WRITING.

Under 3 Comp. Laws 1915, § 12635, a party appealing is entitled, on request, to have in writing the reasons given by the trial judge for denying a motion for a new trial for the purpose of incorporating same in the bill of exceptions.

2. SAME—EXCEPTION SHOULD BE TAKEN TO FAILURE TO GIVE REASONS IN WRITING.

Failure of the trial judge to comply with the request for reasons in writing for denying a motion for a new trial will not prevent review of the ruling on the motion if an exception is taken, but assignments of error accompanying the bill of exceptions do not serve the office of such exception.

3. SAME—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

Although no exception was taken to the failure of the trial judge to put in writing his reasons for denying a motion for a new trial, the Supreme Court has examined the record and finds no reason for holding the verdict against the great weight of the evidence.

4. CRIMINAL LAW—ALIBI—ACCUSED TO HAVE BENEFIT OF ALIBI EVEN IF NOT FULLY ESTABLISHED.

Although *alibi* is frequently characterized as a defense, it is not such within any accurate meaning of that word, but is merely a fact in rebuttal of the State's evidence, and, therefore, accused is not required to fully establish an *alibi* to have at least the benefit thereof, so far as it may go, in rebuttal of the proofs of the prosecution.

5. SAME—ALIBI MAY SERVE TO RAISE REASONABLE DOUBT.

While an *alibi* may fail as a substantive defense, it may yet serve to raise a reasonable doubt as to the guilt of accused.

Criminal Law, 17 C. J. §§ 3419 (Anno), 3467; 16 C. J. § 1588 (Anno); 14 A. L. R. 1420; 8 R. C. L. 124, 4 R. C. L. Supp. 525.

6. TRIAL—CRIMINAL LAW—ALIBI—INSTRUCTIONS.

Although the trial judge correctly instructed the jury that if the *alibi* was sustained they should, of course, acquit, it was reversible error to thereafter instruct them that if, after hearing the testimony as to the *alibi*, they find it is not sustained, they should disregard it entirely.

Error to recorder's court of Detroit; Bartlett (Charles L.), J. Submitted October 15, 1926. (Docket No. 123.) Decided December 8, 1926.

Frances Marvill was convicted of an assault with intent to do great bodily harm, less than the crime of murder, and sentenced to imprisonment for not less than 5 nor more than 10 years in the Detroit house of correction. Reversed.

*Nichols, Nichols & Barnett,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Robert M. Toms,* Prosecuting Attorney, for the people.

WIEST, J. Convicted of the crime of assault with intent to do great bodily harm less than the crime of murder, defendant prosecutes review by writ of error.

The jury found that defendant, with intent to do great bodily harm, threw acid in the eyes of Calvin Mann and destroyed his eyesight. The defense was an *alibi.* A motion for a new trial was made and included a request for reasons in writing if it was denied. The motion was denied without compliance with such request. Defendant was entitled to have reasons in writing given for incorporation in the bill of exceptions (3 Comp. Laws 1915, § 12635). Failure, however, of the judge to comply with this right of defendant will not prevent review of the ruling on the motion, if an exception was taken (*Clark* v. *Telephone Co.,* 196 Mich. 168, 182; *Blaty* v. *Gray,* 217 Mich. 531).

---

Criminal Law, 16 C. J. §§ 2376, 2379; 29 A. L. R. 1127.

We find no exception so taken.    Assignments of error accompanying the bill of exceptions do not serve the office of such an exception.    We have, however, looked into the record and find no reason for holding the verdict against the great weight of the evidence.

Mr. Mann testified that he recognized defendant at the time she threw the acid in his eyes.    The only serious error alleged relates to the instruction to the jury upon *alibi*.

In 8 R. C. L. p. 124, it is stated:

"Although *alibi* is frequently characterized as a defense, it is not such within any accurate meaning of that word, but is merely a fact in rebuttal of the State's evidence."

This statement makes clear the reason why an accused is not required to fully establish an *alibi* to have at least the benefit thereof, so far as it may go, in rebuttal of the proofs of the prosecution.    Testimony in support of an *alibi* may accomplish no more than the raising of a reasonable doubt as to the sufficiency of the proofs connecting an accused with the crime alleged or render such proofs unsatisfactory.    If the testimony relative to an *alibi* serves such purpose it creates a reasonable doubt as to the guilt of an accused. In other words, an *alibi* may fail as a substantive defense and yet serve to raise a reasonable doubt as to the guilt of an accused.    Having stated the rule of law, it remains to consider whether there was error in the instruction to the jury upon such subject.    In fairness to the trial judge we state all the instruction he gave on the subject.    The instruction follows:

"Now, there has something been said here about an *alibi*.    Now, the defense introduced in this case is what is known as an *alibi,* that is, that the defendant was not at the place where the crime is alleged to have been committed.    Such a defense is as legitimate as any.    In fact, if it is sustained, there can be no better defense; because, if the defendant was not at that

place, it is impossible that she could have committed the crime charged; and the defense, and the testimony in its support, should be given your careful consideration.    If true, or if you have a reasonable doubt as to whether or not it is true, then the defendant is entitled to an acquittal at your hands.    But our highest courts, among them our own Supreme Court, have said, in effect, that the defense of an *alibi* should be carefully scrutinized by the jury and received with caution, because it is one easily made or manufactured; and that rule should be applied by you to this defense in this case.    At the same time, as I said before, this defense and the testimony in its support, should be considered by you and given such weight as, taking into consideration the witness or witnesses by whom that testimony was given, the interest, if any, that such witness or witnesses has or have in the outcome of the case, and all the surrounding circumstances, you as reasonable men of common sense consider that it is entitled to.    If the *alibi* is sustained, you should, of course, acquit.    However, if after hearing the testimony as to the *alibi*, you find that it is not sustained, you should disregard it entirely.    If you are satisfied beyond a reasonable doubt that it is not sustained, that any witness has wilfully and knowingly sworn falsely to such *alibi*, or to any matter material to the case, then you may take this into consideration as bearing on the question at issue in this case and as affecting the credibility of the witness who has sworn thereto, and you are at liberty to entirely disregard all the testimony of any witness whom you find has wilfully and knowingly sworn falsely as to anything material to the issue in this case."

It will be noted that the trial judge first stated the rule and then nullified it by charging the jury to disregard *alibi* entirely, if they found it was not sustained.

As stated in the annotation, 29 A. L. R. 1127:

"The offering of evidence to prove an *alibi* should not be regarded as in any sense an attempt to prove an independent, affirmative defense.    The prosecution must prove the defendant's presence (in those cases where presence is essential to the commission

of the crime charged) beyond a reasonable doubt, and the defendant may, by any legitimate evidence, rebut or disprove this essential factor in the case for the prosecution.    One means of disproving presence at the scene of the alleged crime at the time of its commission is obviously by proof of presence elsewhere. And this is the sole purpose of evidence to prove an *alibi*,—to negative this essential factor in the State's case, the same as any other evidence tending to rebut or disprove the commission of the crime by the defendant.    And it is apparently an erroneous view of the matter to regard an *alibi* as an independent defense at all, and to introduce the question of burden of proof into that issue."

On page 1134 it is stated:

"Under the above rule, that the accused in a criminal case is entitled to an acquittal if a reasonable doubt of guilt arises on all the evidence considered together, it is well settled, according to the weight of authority, that although the evidence to prove the *alibi* may be insufficient of itself to establish the same affirmatively as a separate fact, yet it may be considered by the jury for the purpose of raising a reasonable doubt on all the evidence."

The mentioned annotation is exhaustive and very helpful on the subject, the cases cited are multitudinous, and the work of the annotator has saved us much labor.

The court was clearly right in the following instruction:    "If the *alibi* is sustained, you should, of course, acquit."    The court was in error in the following instruction:    "However, if after hearing the testimony as to the *alibi*, you find that it is not sustained, you should disregard it entirely."    Such is not the rule of law and was prejudicial.

As stated in *People* v. *Fisher*, 295 Ill. 250, 260 (129 N. E. 196):

"The rule of law on the question of an *alibi* is the same as that for all other defenses.    The defendant is only required to offer sufficient evidence on that

question to raise in the minds of a jury of reasonable men a reasonable doubt of his guilt.   He is entitled to a full and fair consideration of his evidence upon any defense he may seek to make."

In *State* v. *DeGeralmo,* 83 N. J. Law, 135 (83 Atl. 643), it was well said:

"The setting up of an *alibi* as a defense to a crime does not change the presumption of innocence or relieve the State of its burden to establish defendant's guilt beyond a reasonable doubt, and if the evidence relating to the *alibi* considered alone, or in connection with all the other evidence leaves a reasonable doubt of guilt in the minds of the jury they should not convict.    Even if the evidence be insufficient to satisfy the jury that the accused was not present, it cannot be rejected, but should be considered with the other evidence in the case, and therefore we think that the defendant was entitled to have the jury distinctly instructed that if a reasonable doubt was created by the evidence relating to the *alibi,* even if it did not conclusively establish it, he was entitled to the benefit of such a doubt."

Even in jurisdictions where it is held that, if an accused sets up an *alibi* as a defense the burden is upon him to prove the *alibi* to the satisfaction of the jury, and if he fails so to do, it is valueless to him as a substantive  defense, it is uniformly held, as stated in *Rudy* v. *Commonwealth,* 128 Pa. 500 (18 Atl. 344), quoting from the syllabus:

"But an *alibi* is as much a traverse of the indictment as any other defense, and evidence tending to establish it, though not clear, may, with other facts of the case, raise a reasonable doubt of guilt, to the benefit of which the prisoner is entitled."

Upon the subject of *alibi,* see *People* v. *Pearsall,* 50 Mich. 233; *People* v. *Resh,* 107 Mich. 251; *People* v. *Tice,* 115 Mich. 219 (69 Am. St. Rep. 560).    It is urged that the instruction disparaged the defense of *alibi.*    Language closely akin to that employed by the

court is to be found in reported cases. An instructive annotation on this subject is in 14 A. L. R. 1426.

In *State* v. *Cartwright,* 188 Iowa, 579 (174 N. W. 586), an instruction very much like the one complained of here was under consideration, and it was said:

"The court gave an instruction upon the defense of *alibi;* and in so doing made use of the language found in some of our cases cautioning the jury that it is a defense 'easily manufactured,' and that the proofs should be 'scanned with care and caution.' That this cautionary instruction may properly be given has been affirmed by this court in several cases. *State* v. *Whitbeck,* 145 Iowa, 41 (123 N. W. 982); *State* v. *Worthen,* 124 Iowa, 408 (100 N. W. 330)."

The other errors alleged do not call for reversal and are not likely to arise on another trial and, therefore, we do not discuss them.

The conviction is reversed and a new trial granted. Defendant is remanded to await further proceedings.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.