## PEOPLE v BURDEN

Docket No. 55989. Argued June 6, 1975. (Calendar No. 15).—Decided December 18, 1975.

Jimmy Burden was charged with armed robbery and convicted by a jury of unarmed robbery in the Recorder's Court of Detroit, Elvin L. Davenport, J. The defendant presented an alibi defense but no instruction on the law of alibi was requested or given. A specific instruction that the verdict must be unanimous was also not requested or given. The judge instructed the jury that they could consider the lesser offense of unarmed robbery but did not instruct on offenses less than unarmed robbery. The Court of Appeals, Quinn, P. J., and McGregor and Carland, JJ., denied defendant's application for delayed appeal (Docket No. 19733). Defendant appeals. *Held:*

1. Failure to give an *unrequested* alibi instruction is not reversible error, so long as the court gives a proper instruction on the elements of the offense and the requirement that the prosecution prove each element beyond a reasonable doubt.

2. The jury verdict will not be set aside on the grounds that the trial court failed to specifically instruct the jury that their verdict must be unanimous in a criminal case where trial counsel did not object to the instruction given and specifically declined to have the jury polled.

3. Failure to instruct on offenses less than unarmed robbery was not reversible error, absent a request for the instruction.

Williams, J., concurred in the result on the grounds that the jury was sufficiently advised of the requirement of a unanimous verdict and the jury answered affirmatively that the announced verdict was the verdict of all members of the jury.

Lindemer, J., joined by Coleman, J., agreed with Williams, J.,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 75 Am Jur 2d, Trial §§ 729–737.
[2] 21 Am Jur 2d, Criminal Law § 136.
[5, 6, 8, 9] 75 Am Jur 2d, Trial § 884.
[7] 75 Am Jur 2d, Trial §§ 876–882.
[10] 75 Am Jur 2d, Trial § 577.

on the sufficiency of the jury instruction on a unanimous verdict, and also wrote separately to concur in the result on the grounds that defense counsel made no request for instructions on alibi and offenses less than unarmed robbery and did not object to the instructions given.

Affirmed.

OPINION BY T. G. KAVANAGH, C. J.

LEVIN and FITZGERALD, JJ.

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

An alibi instruction must be given if requested, and, whether requested or not, when an alibi instruction is given it must correctly state the law.

2. CRIMINAL LAW—ALIBI—REASONABLE DOUBT.

Alibi is not a defense, but merely a rebuttal of the prosecution's evidence: testimony in support of an alibi may fail to establish a substantive defense and yet serve to raise a reasonable doubt as to the guilt of an accused.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

An instruction on the law of alibi should be given to obviate any confusion over the defendant's burden of proof where the defense of alibi is raised, even though the parties do not request the instruction and even over objection.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

Failure to give an *unrequested* alibi instruction is not reversible error where the court gives a proper instruction on the elements of the offense and on the requirement that the prosecution prove each element of the offense beyond a reasonable doubt.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICTS.

A trial court should instruct a jury in a criminal case that their verdict must be unanimous to avoid any confusion with verdicts in civil cases, which need not be unanimous.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICTS— POLL OF JURY.

*Failure to specifically instruct the jury that their verdict must be unanimous is not reversible error where defense counsel did not object to the instruction given and specifically declined an offer by the trial court to have the jury polled.*

7. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER IN-
   CLUDED OFFENSES.

   A charge to a jury on the possible verdicts in a trial for armed
   robbery which included an instruction on the lesser offense of
   unarmed robbery but which did not include offenses less than
   unarmed robbery was not reversible error absent a request for
   instruction on the lesser offenses and absent an objection to the
   instruction given.

CONCURRING OPINION

WILLIAMS, J.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICTS.

   *A jury was sufficiently advised of the requirement of a unani-
   mous verdict by an instruction that the defendant is presumed
   innocent until proven guilty "to the satisfaction of each juror".*

9. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICTS.

   *A defendant received a fair trial although no instruction to the
   jury was requested or given on the defendant's principal theory
   of the case or on the requirement of a unanimous verdict where
   the jury was sufficiently advised of the requirement of a unani-
   mous verdict in another instruction, there was a unanimous
   verdict of guilty, and defense counsel specifically rejected an
   invitation to have the jury polled*

CONCURRING OPINION

COLEMAN and LINDEMER, JJ.

10. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.

   *Failure to give instructions on alibi defense and on offenses less
   than unarmed robbery in a trial for robbery is not reversible
   error where defense counsel made no requests for the instruc-
   tions and did not object to the instructions given (MCL 768.29;
   MSA 28.1052; GCR 1963, 516.2).*

   See headnote 8.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training & Appeals, and *Ray-
mond P. Walsh,* Assistant Prosecuting Attorney,
for the people.

*Carl Ziemba* for defendant.

T. G. KAVANAGH, C. J. Leonard Gerou testified that on January 13, 1973 at about 10:15, he was confronted by a person he identified as the defendant who had his hand in his jacket and said: "Give me all your money or I will shoot you". He said that the assailant then took $4 and Gerou's car. Defendant was subsequently arrested and charged with armed robbery. MCLA 750.529; MSA 28.797.

At trial, defendant called his sister and his mother as witnesses, both of whom stated that defendant was home all night on the date of the offense.

Defendant was convicted of unarmed robbery in a jury trial. We granted leave to consider three issues:

I. Did the trial judge err in failing to instruct the jury on the law of alibi, when defendant's major defense was alibi, absent a request for such instruction?

II. Did the trial judge err in failing specifically to instruct the jury that their verdict must be unanimous, absent a request for such instruction?

III. Did the trial judge err by not instructing on offenses less than unarmed robbery, absent a request for instruction on lesser offenses?

I.

The major defense presented was alibi. Defendant's mother and sister testified that he was home at the time of the offense. No alibi instructions were requested and none were given. The first issue presented, therefore, is whether the trial judge has a duty to instruct the jury *sua sponte* on alibi where it is a principal issue in the case?

MCLA 768.29; MSA 28.1052 states:

"It shall be the duty of the judge to control all proceedings during the trial * * * . The court shall instruct the jury as to the law applicable to the case * * * . The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

GCR 1963, 516.2 is in accord:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

If requested, an alibi instruction must be given. *People v Miller,* 250 Mich 72; 229 NW 475 (1930). However, if no request for an alibi instruction has been made, the judge need not give such an instruction. *People v Genther,* 218 Mich 289; 187 NW 241 (1922). Of course, requested or not, if an alibi instruction is given, it must correctly state the law. *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).

Although alibi is frequently characterized as a defense, it is in fact merely a rebuttal of the prosecution's evidence. The defendant may not be required to "prove" an alibi:

"Testimony in support of an *alibi* may accomplish no more than the raising of a reasonable doubt as to the sufficiency of the proofs connecting an accused with the crime alleged or render such proofs unsatisfactory. If the testimony relative to an *alibi* serves such purpose it creates a reasonable doubt as to the guilt of an accused. In other words, an *alibi* may fail as a substantive

defense and yet serve to raise a reasonable doubt as to the guilt of an accused." *People v Marvill,* 236 Mich 595, 597; 211 NW 23, 24 (1926).

Thus, the "defense" of alibi offers the defendant two separate avenues of relief. First, if the alibi is established, a perfect defense has been shown. Perhaps more importantly, if any reasonable doubt exists as to the presence of the defendant at the scene of the crime at the time the offense was committed (if such presence is necessary to commit the crime), the defendant must also be acquitted. *People v Resh,* 107 Mich 251, 254–255; 65 NW 99 (1895).

Appellant maintains that a jury has no way of knowing that a defendant does not have to *prove* an alibi, but merely raise a reasonable doubt, unless the jury is instructed to that effect.

In any case wherein the defense of alibi is raised, the trial court should instruct the jury on alibi, to obviate any confusion over the defendant's burden of proof on the issue. This instruction should be given even though the parties do not request it, and even over objection. See *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

We are not, however, prepared to hold that failure to give an *unrequested* alibi instruction is reversible error so long as the court gives a proper instruction on the elements of the offense and on the requirement that the prosecution prove each element beyond a reasonable doubt.

Because no instruction on alibi was requested at this trial, and the trial court did properly instruct on the prosecution's burden of proving every element of the offense, it was not reversible error here for the trial court to fail to give an alibi instruction.

## II.

Defendant's second claim of error is that the trial judge failed to instruct the jury that their verdict must be unanimous. No such instruction was requested, and no objection was made to the instructions given.

The trial court included in the jury instruction the following language:

"Now, so that in our system we say, we don't say he is guilty, or we don't say he is innocent because if we did there wouldn't be anything for you to do. We say we presume you innocent until you are proven guilty to the satisfaction of each juror and beyond a reasonable doubt, so it is a presumption."

After the jury returned the verdict of guilty, the following colloquy occurred:

"*The Clerk:* Members of the jury rise and raise your right hand over your heart and hearken to the verdict as recorded to this court, you say upon your oaths you find the defendant, Jimmy Burden, guilty of robbery unarmed, so say you, Mr. Foreman, so say you all members of the jury?
"*The Jurors:* Yes.
"*The Court:* Is an individual poll required?
"*Mr. Patrick [defense counsel]:* No, your Honor."

The trial court should instruct a jury in a criminal case that their verdict must be unanimous to avoid any confusion with verdicts in civil cases which need not be unanimous. Inasmuch as trial counsel did not object to the instruction given, and specifically declined an offer by the trial court to have the jury polled, we decline to set aside the verdict. If defendant had any doubt as to the unanimity of the jury's verdict, he should have

polled the jury. *People v Willie Johnson,* 58 Mich
App 165, 169; 227 NW2d 272 (1975).

## III.

The trial judge instructed the jury on the possible verdicts as follows:

"[Y]ou may bring in one of the following verdicts.
You may find the defendant guilty of robbery armed, or
you may find the defendant guilty of robbery unarmed;
you may find, or you may find the defendant not guilty,
so there is one of three possible verdicts."

Defense counsel made no requests for instruction on other lesser offenses and did not object to the instruction given. There was no reversible error. See *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

Affirmed.

LEVIN and FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

RYAN, J., took no part in the decision of this case.

WILLIAMS, J. *(concurring in the result).* My Brother KAVANAGH, in Section II of his opinion, concludes that no instruction on the requirement of a unanimous verdict was given to the jury in this case. He further resolves that the failure to give an instruction on unanimity does not constitute reversible error inasmuch as trial counsel did not object, and moreover, specifically declined to have the jury polled.

I agree that Burden's conviction should stand, but rely on somewhat different reasons. First, I

think that the jury was sufficiently advised of the requirement of a unanimous verdict. The trial court included in the jury instruction the following language:

"Now, so that in our system we say, we don't say he is guilty, or we don't say he is innocent because if we did there wouldn't be anything for you to do. *We say we presume you innocent until you are proven guilty to the satisfaction of each juror and beyond a reasonable doubt,* so it is a presumption." (Emphasis added.)

This language expressed the core idea of the unanimity requirement.

Second, in announcing their verdict, the jury answered in the affirmative the following question by the clerk:

"Members of the jury rise and raise your right hand over your heart and hearken to the verdict as recorded to this court, you say upon your oaths you find the defendant, Jimmy Burden, guilty of robbery unarmed, so say you, Mr. Foreman, *so say you all members of the jury?"* (Emphasis added.)

In other words, there was a unanimous verdict in this case.

Finally, trial defense counsel specifically rejected an invitation to have the jury polled.

In the absence of these factors, I would have difficulty concluding, with Chief Justice KAV-ANAGH, that defendant had received a fair trial where no instruction was given to the jury on the defendant's principal theory of the case, and where the jury was not given an instruction on the requirement of a unanimous guilty verdict, even in the absence of a request for instructions on these matters from defense counsel.

LINDEMER, J. *(concurring in the result).* I concur in the result reached by my colleagues.

Issues I and III concern failures by the trial judge to give certain instructions. Since defense counsel made no requests for such instructions and failed to object to the instructions as given, I think appellate reversal is barred by MCLA 768.29; MSA 28.1052 and GCR 1963, 516.2.

I concur in Justice WILLIAMS' opinion regarding the trial court's instruction on the requirement for unanimity of the jury verdict.

COLEMAN, J., concurred with LINDEMER, J.