PEOPLE v JOHNSON

Docket No. 45644. Submitted May 14, 1980, at Detroit.—Decided
    October 28, 1980.

William Johnson, Jr., was convicted of breaking and entering
    with intent to commit larceny, Recorder's Court of Detroit,
    Henry Heading, J. Defendant appeals, alleging that the trial
    court erred by instructing the jury that their verdict must be
    "unanimous if possible". Defendant's trial counsel did not
    object to the instruction, did not request a curative instruction,
    and declined an offer by the trial court to poll the jury. *Held:*

The instruction is erroneous because it implies that a major-
    ity verdict, rather than a unanimous one, may be permissible.
    This, coupled with defense counsel's failure to have the jury
    polled when invited to do so, requires a reversal of defendant's
    conviction.

Reversed and remanded.

1. Criminal Law — Juries — Verdicts — Unanimous Verdicts —
    Constitutional Law — Court Rules.

Jury verdicts in criminal cases must be unanimous unless the
    parties stipulate in writing or on the record that a majority
    verdict will suffice (Const 1963, art 1, § 14, GCR 1963, 512.1).

2. Criminal Law — Jury Instructions — Verdicts — Unanimous
    Verdicts.

An instruction to the jury in a criminal case that the verdict
    must be "unanimous if possible" is erroneous because it implies
    that a majority verdict, rather than a unanimous one, may be
    permissible.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

References for Points in Headnotes
[1] 76 Am Jur 2d, Trial § 1112.
    Validity and efficacy of accused's waiver of unanimous verdict. 97
        ALR3d 1253.
[2] 75 Am Jur 2d, Trial § 884.

cipal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and M. E. CLEMENTS,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering a building with the intent to commit the crime of larceny therein, contrary to MCL 750.110; MSA 28.305. Defendant was sentenced to 3 to 10 years imprisonment and appeals.

On appeal, defendant contends that he was denied his Federal and state constitutional rights to trial by jury and a fair trial by the following instruction:

*"Now your verdict must be unanimus [sic] if possible.* You have a right to disagree if you want to but you ought not to just disagree to disagree. If you find that you are not in accord with the other jurors you ought to examine your position. * * * Is my position based upon the evidence and the law? Not is my position based upon some prejudice or sympathy? You ought to analyze your position if this occurs. If you feel to the point that my position is sound and it is based upon facts and the law you should not change but if you find that your position is based upon sympathy or prejudice you ought to immediately change your position and say so. You ought not to be obstinate. Be reasonable and discuss the evidence and the law with the other jurors. Don't take the position and say now listen when you come around to the way I think then we're going to get out of here but until you do we're going to stay in here, don't take that position. Be reasonable again and discuss the matter, arrive at a verdict if you can." (Emphasis added.)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's allegation of error focuses on the words "unanimous if possible". Trial counsel neither objected to the instruction given nor requested a curative instruction. Trial counsel also specifically declined an offer by the trial court to have the jury polled.

After the jury returned the verdict of guilty, the following colloquy occurred:

"CLERK: Everyone rise and raise your right hand.

"THE COURT: Guilty of what, as charged or what?

"FOREMAN: As charged.

"THE COURT: All right.

"CLERK: Everyone stand and raise your right hand.

"Members of the jury, you do say upon your oaths that you find the defendant William Johnson, Jr. guilty of breaking and entering other *[sic]* building with intent to commit the crime of larceny, so say you Mr. Foreman, and so say you all, members of the jury?"

In addition to claiming that the trial court's instructions deprived him of his right to a trial by jury and to a fair trial, defendant further claims that trial counsel's failure to act amounted to a serious mistake which deprived the defendant of his right to a fair trial. See *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

The United States Supreme Court has interpreted the Sixth and Fourteenth Amendments to allow states to dispense with the traditional requirement of unanimity in criminal cases. *Apodaca v Oregon,* 406 US 404; 92 S Ct 1628; 32 L Ed 2d 184 (1972), *Johnson v Louisiana,* 406 US 356; 92 S Ct 1620; 32 L Ed 2d 152 (1972). However, under Michigan's constitutional provision that the right to trial by jury "remains", jury verdicts in criminal cases must be unanimous unless the parties

stipulate in writing or on the record that a majority verdict will suffice. See Const 1963, art 1, § 14, *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975), GCR 1963, 512.1.

In *People v Burden, supra,* the trial judge failed to instruct the jury that its verdict had to be unanimous. No such instruction was requested, and no objection was made to the instructions given. Defense counsel also specifically declined an offer by the trial court to have the jury polled. The Court held that reversal was not warranted. Justices LEVIN, FITZGERALD, and KAVANAGH so held because of trial counsel's failure to object or to request that the jury be polled.

"The trial court should instruct a jury in a criminal case that their verdict must be unanimous to avoid any confusion with verdicts in civil cases which need not be unanimous. Inasmuch as trial counsel did not object to the instruction given, and specifically declined an offer by the trial court to have the jury polled, we decline to set aside the verdict. If defendant had any doubt as to the unanimity of the jury's verdict, he should have polled the jury. *People v Willie Johnson,* 58 Mich App 165, 169; 227 NW2d 272 (1975)." *People v Burden, supra,* 468-469.

Justices WILLIAMS, COLEMAN and LINDEMER concurred, but reasoned that the defendant received a fair trial for several reasons. First, they explained that the following instruction given by the trial court sufficiently apprised the jury of the requirement of a unanimous verdict:

" 'Now, so that in our system we say, we don't say he is guilty, or we don't say he is innocent because if we did there wouldn't be anything for you to do. *We say we presume you innocent until you are proven guilty to the satisfaction of each juror and beyond a reasonable*

*doubt,* so it is a presumption.' " *People v Burden, supra,*
470. (Emphasis in *Burden.)*

Second, when announcing its verdict, the jury
answered in the affirmative when asked the follow-
ing question by the clerk:

> " 'Members of the jury rise and raise your right hand
> over your heart and hearken to the verdict as recorded
> to this court, you say upon your oaths you find the
> defendant, Jimmy Burden, guilty of robbery unarmed,
> so say you, Mr. Foreman, *so say you all members of the
> jury?' " People v Burden, supra,* 470. (Emphasis in
> *Burden.)*

Third, trial counsel specifically rejected an offer to
have the jury polled.

In *People v Sanford,* 402 Mich 460; 265 NW2d 1
(1978), five of the justices adopted the view of the
*Burden* concurrence, but still refused to reverse
where the trial judge failed to instruct the jury
that its verdict had to be unanimous because the
jury was advised of the unanimity requirement
during its orientation and also because all the
jurors acknowledged to the trial judge that they
agreed on the verdict.

The instant case differs from *Sanford* and *Bur-
den* in that the jury was given an erroneous
instruction on unanimity. In *Sanford* and *Burden,*
no instruction at all was given. The phrase "your
verdict must be unanimous if possible" implies
that even though a 12-0 verdict is desired, perhaps
a 7-5 verdict is permissible. The bottom line is that
a 12-0 verdict is required. The one question asked
by the clerk does not solve the problem. It simply
inquired of the foreman and the other jurors
whether they collectively found the defendant
guilty. Any juror, including the foreman, having

been given the instruction in question, could have answered this question in the affirmative, even though defendant's guilt was determined by a 7 to 5 vote.

Thus, the erroneous instruction coupled with defense counsel's failure to act upon the judge's invitation to have the jury polled requires that defendant be given a new trial.

Reversed and remanded.