819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. ANGLIN, Petitioner-Appellant
v.
Dale FOLTZ, Respondent-Appellee
 No. 86-1451.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Anglin challenges the district court's denial of his petition for a writ of habeas corpus. Anglin was convicted of first degree felony murder in a Michigan state trial court and was sentenced to mandatory life imprisonment without parole. The Michigan Court of Appeals affirmed the trial court and the Michigan Supreme Court denied leave to appeal. The habeas corpus petition before us now was denied by the District Court for the Eastern District of Michigan in April 1986.
 
 
 2
 Anglin raised three issues before the district court in support of his claim for a writ. First, he asserted that the jury instructions on the issue of alibi were deficient. Tie concluded that trial counsel was ineffective in that he failed to object to the jury instructions. He also asserted that the trial court committed constitutional error by failing to instruct sua sponte the jury properly. Second, he claimed that the conviction violated (due process because the evidence produced at trial is insufficient to support his conviction. Finally, Anglin argued that he was denied the effective assistance of counsel on his appeal to the Michigan Court of Appeals because counsel failed to raise issues that Anglin claimed were obviously meritorious. In a thorough and well reasoned opinion, the district court denied all of Anglin's claims and we now adopt the court's reasoning as our own.
 
 
 3
 In reference to the ineffective trial counsel argument, the district court noted that the Supreme Court has stated that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Quoting Strickland v. Washington, 466 U.S. 668, 689 (1984). The district court went on to observe that trial counsel presented a defense based on the theory that the State had failed to prove beyond a reasonable doubt that Anglin was one of perpetrators of the crime. In an effort to explain a possible tactical reason that counsel may have had in mind in not objecting to the jury instructions, the district court explained:
 
 
 4
 It is also possible, given the nature of the testimony offered by [Anglin's] mother and Ms. Kush, that is, their uncertainty as to the exact details of where [Anglin] was on the night of the crime and their belief that he must have been at home with them because be was always in their company, that [Anglin's] trial counsel felt that it was unwise to draw too much attention to his defense and its implausibility.
 
 
 5
 As the district court concluded, Anglin has not overcome "the strong presumption of correctness that surrounds his trial counsel's decisions."
 
 
 6
 As for Anglin's claim that his constitutional rights were violated when the trial court did not instruct the jury sua sponte on the alibi theory, the district court noted that Anglin "finds this duty in state law but argues that federal constitutional law requires the same standard be applied here." The district court then noted that under Michigan law a trial court has no independent duty to instruct on alibi if the defense is not raised by defense counsel, see People v. Burden, 395 Mich. 462, 466 (1975), and hence this much of Anglin's claim is incorrect.
 
 
 7
 The Judgment of the district court is affirmed.
 
 WELLFORD, Circuit Judge, concurring:
 
 8
 I have some considerable doubt that Anglin has properly exhausted his claim in the Michigan courts. Respondent has neither raised nor pursued this defense of failure to exhaust. It now appears that the Supreme Court has left it to the discretion of the Courts of Appeals, in the interest of justice, to determine whether to address the merits of a habeas corpus claim in this type of situation rather than rely on the strict requirements of Rose v. Lundy, 455 U.S. 509 (1982). See Granberry v. Greer, --U.S. ---, 107 S. Ct. 1671 (1987).
 
 
 9
 I conclude that the proper exercise of discretion is to address the merits of Anglin's claim under the circumstances, and I concur in the per curiam opinion of the court.