PEOPLE *v.* VIRGIL BROWN

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESS—INDORSEMENT—ACCOMPLICE—IMPEACHMENT.

The people must indorse on the information all *res gestae* witnesses and call them, but the prosecutor can impeach them as if they had been called by the defendant; however, this rule does not apply to accomplices to the crime being prosecuted (CL 1948, § 767.40[a]).

2. WITNESSES — IMPEACHMENT — PRIOR INCONSISTENT STATEMENT — EVIDENCE.

For purposes of impeachment evidence is generally admissible to show previous contradictory or inconsistent statements.

3. SAME—LOSS OF MEMORY—IMPEACHMENT.

Whether a witness who states that he does not remember can be impeached by showing former statements regarding the facts which he claims not to have remembered is open to serious question.

4. SAME — IMPEACHMENT — PRIOR INCONSISTENT STATEMENT — SUBSTANTIVE EFFECT — INSTRUCTIONS TO JURY.

Trial court must instruct the jury that prior inconsistent statements used to impeach a witness may not be considered as

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[2] 58 Am Jur, Witnesses § 767.
[3] 58 Am Jur, Witnesses §§ 699, 702, 703.
[4] 58 Am Jur, Witnesses § 770.
[5] 21 Am Jur 2d, Criminal Law § 136.
[6] 5 Am Jur 2d, Appeal and Error § 891.

substantive evidence, whether such an instruction is requested or not.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI DEFENSE—REASON-
ABLE DOUBT.

A defendant charged with armed robbery is entitled to an in-
struction on the defense of alibi which recognizes the use
of alibi in raising a reasonable doubt.

6. APPEAL AND ERROR — INSTRUCTIONS TO JURY — OBJECTION — PRE-
SERVING QUESTION.

Defendant's failure to raise an objection at trial to an instruc-
tion of the trial court which contains inherent error precludes
defendant from raising such error on appeal (GCR 1963,
516.2).

Appeal from Genesee, Parker (Donn D.), J. Sub-
mitted Division 2 November 12, 1968, at Lansing.
(Docket No. 3,133.) Decided January 30, 1969.

Virgil Brown was convicted of robbery armed.
Defendant apeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* As-
sistant Prosecuting Attorney, for the people.

*Robert A. Folen,* for defendant.

FITZGERALD, P. J. Defendant was convicted of
armed robbery[1] on May 18, 1965, following a jury
trial in Genesee county and was sentenced to 10
to 30 years. A motion for new trial was filed and
was denied on September 13, 1965. On the latter
date, trial counsel was appointed by the court to
institute further post-conviction proceedings on be-
half of defendant.

[1] CLS 1961, § 750.529 (Stat Ann 1954 Rev § 28.797).

Defendant was originally charged together with Jesse McDaniel with the armed robbery in question. McDaniel testified against defendant at the preliminary examination and pleaded guilty and was sentenced prior to defendant's trial. The people called McDaniel to testify at trial but he could remember nothing but his name and the fact that he got a 20-to 30-year sentence ("I can't recall nothing since I got twenty to thirty.").

One of the things McDaniel couldn't remember was his testimony at the preliminary examination, even after he was given the transcript to refresh his recollection. Thereupon, claiming the right to impeach, the prosecution read to McDaniel in the presence of the jury certain of the questions asked him at the examination and his answers. In this way, it was established that McDaniel had testified that he was with defendant on the night in question and that they had robbed the store in question.

Defense counsel objected to use of the preliminary examination testimony and requested the court to include in its charge to the jury an instruction that "the questions put to this witness by the prosecution are not evidence and may not be considered by you in your deliberations." Aside from a remark to the prosecutor not to stray beyond legitimate impeachment, the court did not instruct the jury either during trial or in its charge that use of the preliminary examination testimony was only for impeachment purposes and could not be considered as substantive evidence.

The court's refusal to so instruct the jury was raised in the motion for new trial. The trial court, in rejecting the contention, held that the prosecutor could impeach its own witness because of the provisions of CL 1948, § 767.40a (Stat Ann 1954 Rev § 28.980[1]):

"Witnesses whom the people are obligated by law to call as *res gestae* witnesses may be impeached the same as though such witnesses had been called by the respondent."

The trouble with this argument is that the witness in question was an accomplice to the crime. The rule requiring the people to indorse on the information and call all *res gestae* witnesses does not apply to accomplices. *People* v. *McCullough* (1890), 81 Mich 25, 34; *People* v. *Resh* (1895), 107 Mich 251, 253; *People* v. *Knoll* (1932), 258 Mich 89, 98. Since the people were not obligated by law to call this witness, the statute grants no right to impeach him.

For the purpose of impeachment, evidence is generally admissible to show previous contradictory or inconsistent statements. Thus, if a person denies having made a previous contradictory statement, the statement itself may be used for impeachment. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 438. It is not so clear whether a witness who states at trial that he cannot recall certain facts or cannot recall giving a prior inconsistent statement can be similarly impeached. *Smith* v. *People* (1852), 2 Mich 416, held that the prior inconsistent statement was admissible for impeachment under such circumstances. The case is relied on by the prosecution and cited with approval by Gillespie in § 438, p 540.

On the other hand, the Court in *People* v. *Durkee* (1963), 369 Mich 618, faced the same issue and quoted with approval foreign precedent[2] that "where a witness merely states that he does not remember he cannot be impeached by the showing of former statements regarding the facts he claims not to have remembered." In the subsequent case of *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374

[2] *Anthony* v. *Hobbie* (1948), 85 Cal App 2d 798 (193 P2d 748).

Mich 194, 215, the *Durkee Case* was said to stand for the above-quoted principle. Actually, the Court in *Durkee* reversed on another, although related, ground: failure to instruct the jury that the previous inconsistent statement could not be considered as substantive evidence (369 Mich at 627). Yet *Durkee* must be viewed as opening to serious question the use at trial of previous statements of a witness who, as herein, testifies he cannot recall making them.[3]

There is, however, no question that the court should instruct the jury that previous statements of witnesses which are used for impeachment purposes may not be considered as substantive evidence. See *People* v. *Jones* (1965), 1 Mich App 633, and *People* v. *Pena* (1966), 3 Mich App 26. Failure to do so is reversible error (*People* v. *Durkee, supra*), and this has been held to be so irrespective of whether such an instruction was requested. *People* v. *Eagger* (1966), 4 Mich App 449. Thus, it cannot be said that the court was excused because defendant's proposed instruction was poorly worded (which it was) or that the court's ruling on the scope of impeachment sufficiently cautioned the jury (which it did not).

---

[3] Contrast *People* v. *Pickett* (1954), 339 Mich 294, involving a "recalcitrant" witness who refused to testify on the ground of self-incrimination and whose preliminary examination testimony was admitted where the right of cross-examination was exercised.

See, also, *People* v. *Goldman* (1957), 349 Mich 77, wherein a witness refused to testify at both preliminary examination and at trial, but did admit giving a statement to officers, which statement was incorporated as testimony. The court characterized the witness as "recalcitrant" and unavailable.

The issue appears to resolve itself into one of confrontation. Perfunctory cross-examination at preliminary examination appears not to meet the test. It should be remembered, too, that the prosecution's burden at the examination is only one of probable cause, more difficult to defeat than guilt beyond a reasonable doubt. Skilled defense counsel might choose to avoid contributing to the prosecution's case by declining cross-examination at the preliminary examination. See *People* v. *Gibbs* (1967), 255 Cal App 2d 739 (63 Cal Rptr 471), and *Virgin Islands* v. *Aquino* (1967), 378 F2d 540.

A further meritorious contention of defendant relates to the instruction given the jury relative to the defense of alibi. That the defendant, upon request, is entitled to a charge on alibi goes without question. *People* v. *Nawrocki* (1967), 8 Mich App 225. The instruction given by the court, however, while it related to alibi and its use as a defense, presented a lopsided view of that defense, in the following words: .

"In this action the defendant has presented a claim that tends to show an alibi. That is a defense that is legitimate. If it is true that this defendant was not at the place where this crime was committed, that should be and would be a perfect defense, but, in the consideration of that class of defense it is necessary for you to take into consideration the facts, and it is your duty as jurors to examine carefully the evidence on that point. Scrutinize any evidence in relation to alibi. An alibi is a defense that is easily proven and hard to disprove; therefore, you will be careful and cautious in examining the evidence bearing upon the question of alibi. If it is established and you believe the evidence that the party was not in a position so he could have committed the crime, of course, that would be an absolute defense."

The prosecution argues that a fair reading of the instruction cannot sustain an argument as to the shift of the burden of proof which defendant alleges. The above-quoted instruction, taken from 2 Gillespie, Michigan Criminal Law & Procedure, § 906, no. 276, while drawn from *People* v. *Schaner* (1942), 302 Mich 6, leaves much to be desired, in that it ignores the use of alibi as raising a reasonable doubt. Parenthetically, all of the other suggested Gillespie instructions include references to "benefit of doubt" or "reasonable doubt". Defendant proffered an in-

struction on alibi drawn from *People* v. *Loudenslager* (1950), 327 Mich 718, which more fairly covered the question of alibi.

The prosecution submits that defendant's counsel did not raise objection to the trial court's instruction, thus precluding its inherent error being raised on appeal. (GCR 1963, 516.2.) This Court has held in *People* v. *Keys* (1968), 9 Mich App 482, that the lack of objection is fatal[4] and we feel constrained to follow that precedent, particularly in view of the fact of reversal here on other grounds. The instruction given, however, we hold to be defective in its presentation of defendant's position as regards alibi.

Other matters raised on appeal lack any real merit and need not be passed upon in view of our reversal on the material issue of failure to instruct that the preliminary examination testimony was only for impeachment purposes and could not be considered as substantive evidence.

Reversed. Remanded for a new trial.

R. B. BURNS, J., concurred with FITZGERALD, P. J.

ROBINSON, J., concurred in result.

---

[4] See, also, *People* v. *Perkins* (1968), 11 Mich App 170.