PEOPLE *v* MAJETTE

PEOPLE *v* THOMPSON

CRIMINAL LAW—WITNESSES—PROSECUTION WITNESSES—PRIVILEGE
AGAINST SELF-INCRIMINATION—CRIMES NOT AT ISSUE—WAIVER.
A person who testifies on behalf of the state is not required to
incriminate himself as to crimes other than the one involved;
even a testifying codefendant waives his constitutional im-
munity only as to questions material to the case.

Appeal from Kent, George V. Boucher, J.  Sub-
mitted Division 3 February 3, 1972, at Grand Rapids.
(Docket Nos. 9936, 9937.)  Decided February 28,
1972.  Leave to appeal denied, 387 Mich 801.

Johnny S. Majette and Eugene E. Thompson were
convicted of armed robbery.  Defendants appeal.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 147, 148.

Per Curiam. The defendants were convicted by a jury of the armed robbery of Tesseine's Pharmacy in Grand Rapids, Michigan on Thanksgiving Eve, November 26, 1969. MCLA 750.529; MSA 28.797. On appeal several issues have been raised, none of which have merit.

The issue relative to the form of the complaint and warrant was not preserved for review by timely objection. *People* v *Graves,* 15 Mich App 244 (1968), and *People* v *Russell J Davis,* 24 Mich App 344 (1970). See also MCLA 767.49; MSA 28.989. The allegation that the defendants were denied the effective assistance of counsel is not supported by the record. There is no evidence that defense counsel's representation was a mockery of justice or shocking to the judicial conscience. *People* v *Degraffenreid,* 19 Mich App 702 (1969). Decisions based on strategy do not justify reversal solely because the strategy was unsuccessful. *People* v *Kaczor,* 14 Mich App 724 (1968). Additionally, the trial judge commended defense counsel on the record for his handling of the case and defendant Majette stated that he was pleased.

Regarding the people's failure to offer indorsed but *non-res gestae* witnesses, this was proper procedure. Indeed, it may be reversible error to offer indorsed witnesses that have not been called to testify. *People* v *Ruggero,* 223 Mich 368 (1923). See *People* v *Keiswetter,* 7 Mich App 334 (1967), and *People* v *Love,* 18 Mich App 228 (1969).

The defendants did not object to the prosecutor's remarks at the trial and so appellate review of them is barred unless the error, if any, could not have been cured by a cautionary instruction. *People* v *Humphreys,* 24 Mich App 411 (1970). We have found no such error. A prosecutor is entitled to comment on the evidence and to draw reasonable

inferences therefrom. *People* v *Joshua,* 32 Mich App 581 (1971).

Allowing Michael Williams to refuse to answer on the ground it might incriminate him was not error. The answers apparently would have related to illegal drug activities and would have implicated the defendants as well. That may be why defense counsel did not object. One who testifies on behalf of the state is not required to incriminate himself as to some other crime, and even a codefendant who elects to testify waives his constitutional immunity only as to questions material to the case. *People* v *Robinson,* 306 Mich 167 (1943). Here the charge was armed robbery, not illegal drug traffic.

The trial court properly instructed the jury to disregard testimony stricken during the course of the trial. The credibility of the witnesses was for the jury to determine. *People* v *Knapp,* 34 Mich App 325 (1971). A challenge to the weight of the evidence must first be presented to the trial court. *People* v *Reese,* 28 Mich App 555 (1970), and *People* v *White,* 32 Mich App 296 (1971).

The alleged prejudice to Majette because Thompson elected to testify is unbriefed and therefore considered abandoned. *People* v *Williams,* 29 Mich App 420 (1971), and *People* v *Heard,* 31 Mich App 439 (1971).

The convictions are affirmed.