PEOPLE v WILLIAM JOHNSON

1. CRIMINAL LAW—DEFENDANT TESTIFYING—EVIDENCE—CROSS-EXAMI-
   NATION—PRIOR CRIMES—COLLATERAL FACTS.

   Once a defendant admits on direct examination to a prior convic-
   tion, during cross-examination the prosecutor may not interro-
   gate the defendant regarding the collateral facts comprising
   that prior conviction, where defense counsel has properly ob-
   jected to such questioning.

2. CRIMINAL LAW—DEFENDANT TESTIFYING—EVIDENCE—CROSS-EXAMI-
   NATION—PRIOR CRIMES—COLLATERAL FACTS—INSTRUCTIONS TO
   JURY—PRESERVING QUESTION.

   A cautionary instruction could not have cured the prejudicial
   error of admitting testimony, elicited by a prosecutor, regard-
   ing the factual basis of a defendant's prior conviction where the
   prosecutor, during closing arguments, stressed the specifics of
   defendant's prior conviction in a manner calculated to encour-
   age the jury to conclude that if defendant had committed the
   prior crime, he must also have committed the charged offense;
   therefore, defense counsel's failure to object to the prosecutor's
   closing argument is not fatal to the issue on appeal.

3. CRIMINAL LAW—DEFENDANT TESTIFYING—EVIDENCE—PRIOR CRIMES
   —MISDEMEANORS—DISCRETION.

   Admitting into evidence, over objection, testimony regarding a
   defendant's prior misdemeanor conviction for illegal possession
   of a starter pistol at defendant's trial on a charge of obtaining
   personal property by false pretenses was an abuse of discretion
   and mandates reversal of defendant's conviction because the
   misdemeanor conviction is entirely dissimilar from the false
   pretenses charge.

4. CRIMINAL LAW—DEFENSE—ALIBI—INSTRUCTIONS TO JURY—REASON-
   ABLE DOUBT.

   An instruction to the jury regarding a defendant's alibi defense

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 585.
[2] 53 Am Jur, Trial §§ 135, 136, 637.
[4] 21 Am Jur 2d, Criminal Law §§ 136, 137.

which does not instruct that if any reasonable doubt exists as to defendant's presence at the scene of the crime then the defendant is entitled to a verdict of acquittal, constitutes reversible error.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 June 3, 1974, at Grand Rapids. (Docket No. 16969.) Decided August 13, 1974.

William H. Johnson was convicted of obtaining by false pretenses personal property valued at more than $100. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Dodge,* Assistant Appellate Attorney, for the people.

*Joseph F. Deeb, Jr.,* for defendant.

Before: Holbrook, P. J., and T. M. Burns and R. L. Smith,* JJ.

T. M. Burns, J. Defendant William Henry Johnson was convicted by a jury on January 3, 1973, of obtaining by false pretenses personal property valued at more than $100. MCLA 750.218; MSA 28.415. He was sentenced on February 15, 1973, to a prison term of from two to ten years and now appeals as of right.

Since defendant's allegations of error relate to the trial court's evidentiary rulings and instructions to the jury, a detailed recitation of the facts of this case is unnecessary to its disposition, and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

thus only those facts pertinent to our discussion of the issues will be presented.

Defendant contends that the trial court committed reversible error when it allowed the assistant prosecutor, over defense counsel's objection, to inquire into the facts comprising defendant's prior conviction of uttering and publishing.

On direct examination by his attorney, defendant admitted to a 1967 conviction of uttering and publishing. During cross-examination, the trial court overruled defense counsel's objection and allowed the assistant prosecutor to question defendant extensively concerning the factual basis for the 1967 conviction. During closing argument, the assistant prosecutor, in referring to the details of this prior conviction, stated:

"Another offense that involves misrepresenting facts, misrepresenting reality, holding out the check to be other than it was, namely something which would entitle him to payment. It was a flagrant forgery, that's all, and although he said the other checks involved were made out to him, those were after the first one, he did not recall what the name was on the first check."

Plaintiff asserts impeachment of defendant's credibility as an adequate ground for the admission of defendant's cross-examination testimony. We disagree, for it is well established that once a defendant admits on direct examination to a prior conviction, during cross-examination the prosecutor may not interrogate the defendant regarding the collateral facts comprising that prior conviction, where defense counsel has properly objected to such questioning. See *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973); and *People v Peabody,* 37 Mich App 87; 194 NW2d 532 (1971).

Nor are we able to conclude that the erroneous

admission of this testimony regarding the factual basis of defendant's prior conviction was harmless error. Rather, we feel it was prejudicial to the defendant. As we pointed out earlier, the assistant prosecutor during closing argument stressed the specifics of defendant's prior conviction in a manner calculated to encourage the jury to conclude that if defendant had defrauded someone in 1967 he must have also defrauded this complainant in 1972. It is true that defense counsel did not object to this part of the prosecutor's closing argument. However, we are of the opinion that a cautionary instruction could not have cured the error and, therefore, defense counsel's failure to object is not fatal to this appeal. *People v Majette,* 39 Mich App 35; 197 NW2d 78 (1972); *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970).

Defendant's second allegation of error is based upon the trial court's admission of a misdemeanor conviction for the purposes of impeachment. Upon cross-examination, defendant admitted a prior conviction for illegal possession of a starter pistol. Although defense counsel objected to the use of this conviction on the ground that it was irrelevant, the trial court permitted the inquiry. Defendant argues that the trial court committed reversible error. We agree.

In *People v Osteen,* 46 Mich App 409, 419–420; 208 NW2d 198 (1973), our Court, when dealing with this precise issue, stated:

"The prosecutor has no 'right' to stand before the jury and recite defendant's conviction record. When admission is challenged he must offer reasonable grounds upon which the trial judge can justify his exercise of discretion in favor of admission. The dissimilarity between an alleged conviction and charge was held by the Court in *People v Simard,* 314 Mich 624; 23 NW2d 106 (1946), to justify exclusion:

" ' * * * The prosecution thus tried to show that defendant was guilty of a misdemeanor that *had not the remotest connection with the crime charged* and was *in no way similar in character.* * * * While much latitude is allowed in cross-examination to test credibility, the prosecutor cannot bring out independent issues involving other alleged crimes that are entirely *dissimilar both in nature and motive* and have nothing whatsoever to do with the issue involved. * * * '

"This proposition is no less applicable to defendant's prior convictions which are entirely dissimilar from the sale of heroin charge." See also *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), quoted with approval in *Osteen, supra.*

The admission of defendant's misdemeanor conviction in the instant case is inconsistent with the guidelines set forth in *Osteen* and *Farrar, supra.* Defendant's misdemeanor conviction is entirely dissimilar to the false pretenses charge. The trial court abused its discretion in admitting the challenged misdemeanor, and such abuse of discretion mandates reversal of defendant's conviction.

Defendant's final allegation of error relates to the question of defendant's alleged alibi defense. Defendant claims that our alibi statute[1] is unconstitutional and that said statute does not apply to cases in which only the defendant himself proposes to give alibi testimony, as opposed to cases in which the defendant intends to call alibi witnesses to support his alibi defense. However, it is unnecessary for us to reach either the issues of the constitutionality[2] of the above statute or the ques-

---

[1] MCLA 768.20; MSA 28.1043

[2] Our Legislature has recently amended the provisions of our alibi statute, here challenged by defendant, to eliminate any questions as to their constitutionality. 1974 PA 63, effective May 1, 1974, now provides for reciprocal discovery. Therefore, it would serve no useful purpose for us to now consider the constitutionality of the former statute, where such consideration is not necessary to dispose of the present case.

tion of its application to the instant case, since the record herein reveals that the trial court's instruction on this subject was reversibly erroneous.

In its charge, the trial court *sua sponte* instructed the jury on the subject of alibi as follows:

> "Now, an alibi is a legitimate defense, and if it is true that the defendant was not at the place where the crime was committed, that should and would be a perfect defense, but in considering that type of defense it is necessary for you to take into consideration the facts, and it is your duty as jurors to examine carefully the evidence on that point. * * * If it is established that the defendant was not in a position so he could have committed the crime or could not have been there, of course, that would be an absolute defense * * * ."

In *People v Erb,* 48 Mich App 622, 630; 211 NW2d 51 (1973), this Court enunciated the standard to be followed by trial courts when instructing on the question of alibi when we said:

> "An instruction to the jury concerning the defense of alibi must clearly explain that this defense offers two avenues of relief for the defendant. First, if the alibi is established, a perfect defense has been shown and the defendant should accordingly be acquitted. Alternatively and, perhaps, more importantly, the *instruction must clearly indicate that if any reasonable doubt exists as to the presence of the defendant at the scene of the crime then, also, the defendant should be* acquitted. *People v Virgil Brown,* 15 Mich App 600, 605–606; 167 NW2d 107, 110 (1969); *People v Loudenslager,* 327 Mich 718, 726; 42 NW2d 834, 837 (1950)." (Emphasis supplied.) See also *People v Resh,* 107 Mich 251; 65 NW 99 (1895).

It is quite clear that the trial court's *sua sponte* instruction in this case did not comply with the standard set forth above. While the trial court did instruct the jury that if defendant's alibi defense

were established it would constitute an absolute defense to the crime charged, it did not instruct in the alternative that if any reasonable doubt existed as to defendant's presence at the scene of the crime, then defendant was entitled to a verdict of acquittal. This omission constitutes reversible error. See *People v McShan,* 53 Mich App 407; 219 NW2d 792 (1974).

We have closely examined the record and briefs and have found no merit in defendant's remaining assignment of error.

Reversed and remanded for a new trial.

All concurred.