## PEOPLE v JOHN JOHNSON

1. CRIMINAL LAW—COURTS—JURIES—INSTRUCTIONS TO JURY.

   It is the duty of the trial judge even without any requests from counsel to see to it that a criminal case goes to the jury in a clear and intelligent manner and to state to them fully the law applicable to the facts.

2. CRIMINAL LAW—COURTS—JURIES—INSTRUCTIONS TO JURY—DEFENSES—ALIBI—REASONABLE DOUBT—DEGREE OF PROOF.

   It was error for the trial court to charge the jury that the defendant must prove his alibi beyond a reasonable doubt because testimony in support of an alibi may fail as a substantive defense and yet serve to raise a reasonable doubt as to guilt; the instruction must clearly indicate that if any reasonable doubt exists in the minds of the jurors as to the presence of the defendant at the scene of the crime then he should be acquitted.

3. CRIMINAL LAW—DEFENSES—ALIBI—PROCEDURE—NOTICE OF ALIBI—EVIDENCE—WITNESSES—DEFENDANT AS WITNESS—PROSECUTORS—OBJECTIONS.

   It cannot be said with certainty that the Michigan statute mandates that a notice of alibi must be given when a defendant testifies only as to the alibi himself and presents no witnesses in support thereof; therefore, where a defendant in a criminal action fails to file the notice of alibi prescribed in the statute, whether the alibi evidence is excluded from the trial is discretionary with the trial judge and the prosecution waives its objection to lack of such notice when it accepts the introduction of such evidence without objection (MCLA 768.20).

4. WITNESSES—CRIMINAL LAW—ACCOMPLICES—PROSECUTORS—IMPEACHMENT—INCONSISTENT STATEMENTS.

   The prosecution is not required to call accomplices, even though indorsed upon the information, and where no obligation to call

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 575.

[2, 3] 75 Am Jur 2d, Trial §§ 729–737.

[4] 58 Am Jur, Witnesses § 681.

a witness exists, there is no statutory right to impeach; therefore, where an accomplice is a witness and testifies that he does not remember making a prior written statement which is inconsistent with his testimony at trial, the statement may not be admitted to impeach his testimony.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 November 12, 1974, at Lansing. (Docket No. 18731.) Decided January 28, 1975.

John R. Johnson was convicted of breaking and entering an occupied dwelling. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* First Assistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for the defendant on appeal.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

D. E. HOLBROOK, J. Defendant-appellant, John R. Johnson, was found guilty by a jury in Washtenaw County Circuit Court of the felony of breaking and entering an occupied dwelling, contrary to MCLA 750.110; MSA 28.305. He was sentenced to a term of 10 to 15 years in prison.

As the issues which we find appropriate for discussion relate to the conduct of defendant's trial, a short statement of facts is sufficient.

On August 24, 1968, a person (or persons) entered the home of Mr. and Mrs. Kaercher in the City of Ann Arbor, some time after 10 p.m. Entry was made by taking a screen off the bedroom window. Two Ann Arbor policemen were advised

by a then 17-year-old individual that he "saw two male colored men standing up the road in front of the neighbors—one of my neighbor's homes and it looked quite suspicious * * * ". Apparently acting on this information, the policemen stopped an automobile in which Henry Kemp, Jr., and another black man were riding. After observing a crowbar and a woman's purse on the floor of the front seat, the officers placed the two men under arrest. The second individual, allegedly defendant, ran from the police. Defendant was later apprehended and held on a separate charge. At trial, Henry Kemp, Jr., who had pled guilty and was sentenced to 15 months imprisonment, was called and testified. In sum, he testified that while defendant Johnson was with him he played no part in the breaking and entering. Defendant Johnson took the stand in his behalf and stated that he was not with Kemp on the evening in question, but rather was elsewhere for the entire evening.

Defendant has set out four issues with contingent sub-issues. We find it necessary to discuss only two.[1]

## I

The defendant gave no notice of alibi, requested no instruction thereupon, nor did he object when the trial court gave the following instruction:

"There has been some testimony in this case from which it could be found that the defendant was another place at the time of the commission of the crime. *If proven beyond a reasonable doubt this would be a proper and legitimate and perfect defense to the crime*

---

[1] We note that the trial judge who passed upon defendant's motions to suppress the evidence and quash the information, improperly assumed that the two police officers *knew* the crime here in question had occurred when they stopped the automobile.

*charged.* An alibi, as it is termed, is a defense that is easily proven and hard to disprove. Therefore, you should be careful and cautious in examining the evidence bearing upon the question of alibi."[2] (Emphasis supplied.)

In *People v Murray,* 72 Mich 10, 16; 40 NW 29, 32 (1888), the Court said:

"Without any requests from counsel it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts. Especially is this his duty in a criminal case."

With this in mind and knowledgeable of the fact that the instruction was erroneous, we must determine whether it is reversible error.

It is fundamental in our system of justice that the guilt of an accused must be proved beyond a reasonable doubt to sustain a conviction. *People v Hubbard,* 387 Mich 294, 299; 196 NW2d 768, 770 (1972).[3]

In *People v Marvill,* 236 Mich 595, 597; 211 NW 23, 24 (1926), on the subject of alibi, Justice WIEST wrote:

"Testimony in support of an alibi may accomplish no more than the raising of a reasonable doubt as to the sufficiency of the proofs connecting an accused with the crime alleged or render such proofs unsatisfactory. If the testimony relative to an alibi serves such purpose it creates a reasonable doubt as to the guilt of an accused. In other words, an alibi may fail as a substantive

---

[2] This instruction was separated from a proper instruction on burden of proof. The people concede the instruction was incorrect.

[3] *See People v Barry,* 53 Mich App 670, 676; 220 NW2d 39, 43 (1974).

defense and yet serve to raise a reasonable doubt as to the guilt of an accused."[4]

An instruction on alibi less erroneous than the one here in question was condemned in *People v Virgil Brown,* 15 Mich App 600; 167 NW2d 107 (1969).[5] While certainly to be condemned, our responsibility is now to determine whether this incorrect instruction mandates reversal.

The prosecution answers that while the instruction was incorrect, it is not reversible error in that no notice of alibi was given, there was no request for an alibi instruction, and no objection was made to the instruction given. At the outset, we note that we cannot say with certainty that MCLA 768.20; MSA 28.1043 mandates that a notice of alibi must be given when a defendant testifies only as to the alibi himself and presents no witnesses in support thereof. Moreover, when the defendant fails to file the notice prescribed in the statute, whether the evidence is excluded is discretionary with the trial judge. MCLA 768.21; MSA 28.1044. See, generally, Anno., *Validity and Construction of Statute Requiring Defendant in Criminal Case to Disclose Matter as to Alibi Defense,* 45 ALR3d 958, 974. Further, the prosecution waives its objection to defendant's failure to provide alibi notice when it accepts the introduction of such evidence without objection. *People v Miller,* 250 Mich 72, 74–75; 229 NW 475, 476 (1930); *People v Luckett,* 52 Mich App 33, 34; 216 NW2d 460, 460 (1974). Here, the trial judge allowed the defendant to testify that he was elsewhere and no objection by the prosecution appears in the record.

---

[4] *Cf. Smith v Smith,* 454 F2d 572, 579 (CA 5, 1971). As to the purpose of the so-called "Smith Rule", *see Bassett v Smith,* 464 F2d 347 (CA 5 1972).

[5] *Cf. People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).

In *People v McShan,* 53 Mich App 407, 415; 219 NW2d 792, 796 (1974), defense counsel did not object to the instructions and in fact expressed satisfaction with them. Judge McGREGOR, of this Court, said in *McShan:* "Thus, the giving of the allegedly erroneous instructions does not warrant reversal absent a showing of manifest injustice. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972)." A review of the instruction in that case reveals that it was not as clearly incorrect as the one here in question. Relying upon *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973), the *McShan* panel reversed on the basis of the alibi instruction, saying at 53 Mich App 417–418; 219 NW2d 798: "We are constrained to hold that the failure of the trial court to instruct the jury with respect to the burden of proof concerning the defense of alibi constitutes manifest injustice and thus reversible error." A similar instruction to that in *McShan* was found to be reversible error in *People v William Johnson,* 54 Mich App 678, 683–684; 221 NW2d 452, 455 (1974), wherein Judge T. M. BURNS, concurred in by this writer, wrote:

"In *People v Erb,* 48 Mich App 622, 630; 211 NW2d 51, 55 (1973), this Court enunciated the standard to be followed by trial courts when instructing on the question of alibi when we said:

" 'An instruction to the jury concerning the defense of alibi must clearly explain that this defense offers two avenues of relief for the defendant. First, if the alibi is established, a perfect defense has been shown and the defendant should accordingly be acquitted. Alternatively and, perhaps, more importantly, the instruction must clearly indicate that if any reasonable doubt exists as to the presence of the defendant at the scene of the crime then, also, the defendant should be acquitted. *People v Virgil Brown,* 15 Mich App 600, 605–606; 167 NW2d 107, 110 (1969); *People v Loudenslager,* 327 Mich 718, 726; 42 NW2d 834, 837 (1950).' (Emphasis

omitted.) See also *People v Resh,* 107 Mich 251; 65 NW 99 (1895).

"It is quite clear that the trial court's *sua sponte* instruction in this case did not comply with the standard set forth above. While the trial court did instruct the jury that if defendant's alibi defense were established it would constitute an absolute defense to the crime charged, it did not instruct in the alternative that if any reasonable doubt existed as to defendant's presence at the scene of the crime, then defendant was entitled to a verdict of acquittal. This omission constitutes reversible error."

## II

The defendant asserts that it was error for the prosecutor to impeach the testimony of defendant's alleged accomplice, indorsed as a res gestae witness, by the use of a prior inconsistent statement where the witness testified he did not remember making the statement.

The prosecution called Henry Kemp, Jr., and the following pertinent questioning occurred:

*"Q. (by Mr. Huss, assistant prosecutor):* I am going to show you a signature which has been typed underneath, Henry Kemp, Jr., and ask you if you can identify that signature?

*"A.* That's my writing.

*"Q.* Did you sign that?

*"A.* Yes.

*"Q.* Before you signed this, did you read that?

*"A.* No, I can't read that good.

*"Q.* Did you tell anybody this or did you, do you know what that paper said?

*"A.* No.

*"Q.* You had no idea what that paper said?

*"A.* No, I can't read, didn't—go to any school and they will tell you that I can't read. I made that statement to one of the officers too, over in the jail, too, to

Ted, not Ted, but what's his name, one of the gentle-men over there, I can't tell you, one of the turnkeys over there at the jail, he asked could I read and I told him no, and he wrote it down, I think he wrote it on some paper, or typed it, one.

"*Q.* You don't recall—you didn't read this piece of paper you signed?

"*A.* I can't read."

"It is a settled rule of law that the prosecution is not required to call accomplices, even though in-dorsed upon the information". *People v Potts,* 55 Mich App 622, 626; 223 NW2d 96, 99 (1974), and cases cited therein. Where no obligation exists to call a witness, as an accomplice, there is no statu-tory right to impeach. *People v Szymanski,* 52 Mich App 605, 609; 218 NW2d 95, 97 (1974). In *People v Fidel,* 37 Mich App 338, 342–343; 194 NW2d 732, 734 (1971), Justice O'HARA wrote:

"We hold here that the right of the prosecution to impeach its own witness is derivative of, and coexten-sive with, the obligation to call that witness. Absent the obligation, a witness thus called becomes the people's witness and subject to the settled rules concerning the examination of any witness voluntarily called by either party."

See also *People v Moore,* 29 Mich App 597, 601; 185 NW2d 834, 837 (1971) (noting that the lack of statutory right of impeachment of an alleged ac-complice may work to the prosecution's disadvan-tage); *People v Lewis,* 47 Mich App 450, 453; 209 NW2d 450, 452 (1970), and *People v Miller,* 49 Mich App 53, 57; 211 NW2d 242, 244–245 (1973). This rule may be said to derive from *People v Durkee,* 369 Mich 618; 120 NW2d 729 (1963). In *Hill v Harbor Steel & Supply Corp,* 374 Mich 194, 215; 132 NW2d 54, 63 (1965), the Supreme Court said of *Durkee:*

"In *Durkee, supra,* the witness had testified she did not remember any of the events preceding the accident, and this Court's disapproval of the use of her subsequent statement to a police officer regarding such events was based upon *the principle that where a witness testifies he does not remember certain events he cannot be impeached by introduction of subsequent statements regarding the events he claims not to remember.*" (Emphasis supplied.)

We thus perceive that the use of the statement and reference thereto by the prosecution was erroneous. On retrial the statement of accomplice Kemp, should he be called, would not be admissible.

Supplementally, defendant has asserted the *"Milton"* issue, 392 Mich 795 (1974). The Supreme Court in an opinion of Justice LEVIN has recently unanimously decided this issue adversely to defendant. *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Reversed and remanded.