PEOPLE v WILDER

Docket No. 77-1305. Submitted February 21, 1978, at Detroit.—Decided April 4, 1978. Leave to appeal applied for.

Ronald T. Wilder was convicted of first-degree felony murder and armed robbery in Recorder's Court of Detroit, Henry Heading, J. Defendant appeals. *Held:*

1. Use of the term "murder weapon" in instructing the jury did not prejudice the defendant's presumption of innocence where the defendant did not deny that a murder had been committed, but contended that he was not present at the scene of the crime when it was perpetrated.

2. The common-law felony-murder rule has been a part of Michigan's jurisprudence since admission to statehood and should not be tampered with except by legislation.

3. The trial court's instruction to the jury on the alibi defense did not impermissibly shift the burden of proof where the trial judge in his charge to the jury emphasized that the burden of proving the defendant's guilt was upon the prosecution and further charged the jury that if the evidence established the alibi, the defendant must be found not guilty, and that, if the perfect defense was not found, to convict the defendant they must, nevertheless, find from the prosecution's evidence that the defendant was proved guilty beyond a reasonable doubt.

4. The underlying offense of armed robbery, in a felony-murder case, is a necessary element of the murder charge, and,

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 482, 483.

[2] 40 Am Jur 2d, Homicide § 534.

[3] 21 Am Jur 2d, Criminal Law § 10 *et seq.*

[4, 7] 21 Am Jur 2d, Homicide § 518.
    Instructions: duty of court, in absence of specific request, to instruct on subject of alibi. 72 ALR3d 547.

[5] 40 Am Jur 2d, Homicide § 190.
    Application of felony-murder doctrine where the felony relied upon is an includible offense with the homicide. 40 ALR3d 1341.

[6] 40 Am Jur 2d, Homicide §§ 472, 498–500.

[8] 40 Am Jur 2d, Homicide §§ 561, 562.

therefore, where a defendant is convicted of both offenses, the conviction for the underlying felony must be vacated.

Conviction for first-degree murder affirmed, conviction for armed robbery vacated.

D. C. RILEY, J., dissented in part and concurred in part:

1. An instruction in a felony-murder case which removed from the jury's determination the essential element of malice was erroneous.

2. An instruction to the jury on an alibi defense which failed to clearly set forth to the jury that a reasonable doubt as to the defendant's presence at the scene of the crime could arise by virtue of the alibi testimony even if the defense of alibi was not proved was error.

3. The trial judge's use of the term "murder weapon" in his instructions to the jury was erroneous, even though the defendant was claiming an alibi defense.

### OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—HOMICIDE—FELONY MURDER—MURDER WEAPON—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF.

Allegations of prejudice in a trial judge's instructions to the jury cannot be established by extracting statements from the context of the instructions which should be read and assessed as a whole.

2. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY—ROBBERY—FIRST-DEGREE MURDER—STATUTES.

An instruction to the jury that any killing, even if accidental, attributable to the act or acts of a defendant occurring during the perpetration of or attempt to perpetrate a robbery constitutes murder in the first degree is a proper instruction in a felony-murder case (MCLA 750.316; MSA 28.548).

3. HOMICIDE—FELONY-MURDER RULE—MICHIGAN'S JURISPRUDENCE—FIRST-DEGREE MURDER—STATUTES—MODIFICATION—LEGISLATION.

The common-law felony-murder rule, which has been a part of Michigan's jurisprudence since its admission to statehood and which has governed the application of the first-degree murder statute from that time, should not be modified except by legislative enactment; to do otherwise would be to deviate from that "safe and necessary rule that criminal law should not be tampered with except by legislation".

4. Criminal Law—Instructions to Jury—Alibi Defense—Burden
   of Proof—Evidence.

   A trial judge's instruction to the jury on the defense of alibi did
   not impermissibly shift the burden of proof to the defendant
   where: (1) the trial judge, throughout, emphasized that the
   burden of proving the defendant's guilt was upon the prosecu-
   tion, (2) the trial court advised the jury that if the evidence
   established the alibi, the defendant must be found not guilty,
   and (3) the instruction also informed the jury that if the perfect
   defense was not found, to convict the defendant, they must,
   nevertheless, find from the prosecution's evidence that the
   defendant was proved guilty beyond a reasonable doubt.

5. Homicide—Felony Murder—Underlying Felony—Double Pun-
   ishment—Necessary Element.

   A defendant's conviction for armed robbery should be vacated
   where the defendant was convicted of first-degree felony mur-
   der and the armed robbery was a necessary element of the
   felony murder under the prosecution's theory of the case.

Partial dissent, partial concurrence by D. C. Riley, J.

6. Homicide—Felony Murder—Malice—Question of Fact—In-
   structions to Jury.

   *Michigan has neither a statutory felony-murder doctrine nor a
   common-law felony-murder doctrine; malice is not imputed to
   an act of killing from the intent to commit an underlying
   felony, and, although malice may be inferred from the nature
   of the underlying felony and the circumstances surrounding its
   commission, the presence or absence of malice in each case
   remains a question for jury determination, and instructions
   which remove the essential element of malice from jury consid-
   eration are erroneous.*

7. Criminal Law—Instructions to Jury—Alibi Defense—Two Ave-
   nues of Relief—Reasonable Doubt—Appeal and Error.

   *An instruction to the jury on the defense of alibi must clearly
   explain that this defense offers two avenues of relief for a
   defendant, first, if the alibi is established, a perfect defense has
   been shown and the defendant should accordingly be acquitted,
   alternatively and, perhaps, more importantly, the instruction
   must clearly indicate that if any reasonable doubt exists as to
   the presence of the defendant at the scene of the crime then,
   also, the defendant should be acquitted; a defendant's convic-
   tion should be reversed where the trial judge's instructions fail
   to enunciate the dual purposes of the alibi testimony.*

8. HOMICIDE—FELONY MURDER—MURDER WEAPON—WORDS AND
   PHRASES—BURDEN OF PROOF—ELEMENTS—FAILURE TO OBJECT.

    *A trial court's use of the term "murder weapon", in a felony-murder case, to describe the weapon used in the killing of the victim was prejudicial error; to rule otherwise is to ignore the prosecution's duty, in all criminal cases, to prove the elements of the charged offense beyond a reasonable doubt; however, the inadvertent use of the term, although both erroneous and prejudicial, does not require reversal of the defendant's conviction where no objection was voiced at the trial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BEASLEY, P. J., and BASHARA and D. C. RILEY, JJ.

BASHARA, J. Defendant appeals his conviction by a jury of first-degree murder[1] and armed robbery.[2] The prosecution sought to establish that defendant and his codefendant, Lee Chester Butts, killed the victim during the course of an armed robbery.

While instructing the jury, the trial court referred to the weapon used to kill the victim as the "murder weapon". Defendant urges that such reference effectively negated the presumption of innocence by establishing in the minds of the jurors that a murder had been committed. However, the defense theory at trial did not refute the allegation that a murder had been committed. Rather, the defendant contended that he was not present

[1] MCLA 750.316; MSA 28.548.
[2] MCLA 750.529; MSA 28.797.

at the scene of the crime at the time it was perpetrated. Consequently, we fail to perceive how the trial court's choice of terms prejudiced defendant's case.

Similarly, we find no merit in defendant's contention that the trial court depreciated the presumption of innocence by other specified statements in the jury instructions. To the contrary, when read in their entirety, the instructions are replete with statements placing the burden of proof upon the prosection and emphasizing that defendant was not required to prove anything. This allegation of prejudice cannot be established by extracting selected statements from the context of the instructions, which must be read and assessed as a whole. See *People v Frank Johnson,* 58 Mich App 1; 226 NW2d 730 (1975), *People v Musser,* 53 Mich App 683; 219 NW2d 781 (1974), *lv den,* 392 Mich 798 (1974).

Defendant maintains that the trial court's instruction on first-degree murder is reversibly erroneous. Essentially, that instruction enjoined the jury to find guilt if they concluded that the victim was "killed" by an act committed in the perpetration of the armed robbery.

This issue has resulted in diametric opinions from this Court. Compare *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), with *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). We subscribe to the conclusion expressed in *Till* and, therefore, find no reversible error in the import of the trial court's instruction.

We also are of the opinion that the common-law felony-murder rule has been a part of Michigan's jurisprudence since admission to statehood and from that time has governed the application of the first-degree murder statute. A rule with such his-

torical foundation, especially in the area of criminal law, should not be modified except by legislative enactment. To do otherwise would, as long ago recognized, deviate from that "safe and necessary rule that criminal law should not be tampered with except by legislation". *In the Matter of Eugene Lamphere,* 61 Mich 105, 108–109; 27 NW 882 (1886).

Another instructional error is claimed by defendant regarding the alibi defense raised at trial. He contends that the trial court's instruction impermissibly shifted the burden of proving the alibi to defendant and failed to properly advise the jury that, even if the alibi fell short of establishing a perfect defense, it could also operate to raise a reasonable doubt as to defendant's guilt.

An evaluation of the alibi instruction supports neither of defendant's contentions. Throughout, the trial court emphasized that the burden of proving defendant's guilt was upon the prosecution. Further, the trial court advised the jury that, if the evidence established the alibi, the defendant must be found not guilty. The instruction also informed the jury that if the perfect defense was not found, to convict the defendant they must, nevertheless, find from the prosecution's evidence that the defendant was proved guilty beyond a reasonable doubt. This latter finding must necessarily encompass a conclusion beyond a reasonable doubt that the defendant was present at the scene of the crime at the time it was committed.

Our assessment of the alibi instruction discloses that all of the operative characteristics of the defense suggested by the proposed Criminal Jury Instructions were covered by the trial court. From our observations, the proposed instructions appear to succinctly and clearly state the appropriate law

on the topics covered, and we would urge the trial courts to make use of them. Extensive use would provide the essential information necessary to facilitate a comprehensive analysis of their value in the criminal litigation context.

Defendant's remaining contention, warranting brief discussion, concerns his conviction of both first-degree murder and armed robbery. Since the latter is a necessary element of the former under the prosecution's theory of the case, the armed robbery conviction must be vacated. See *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Defendant's other contentions do not merit discussion.

Accordingly, defendant's conviction of first-degree murder is affirmed, and the conviction of armed robbery is vacated.

Beasley, P. J., concurred.

D. C. Riley, J. *(dissenting in part, concurring in part).* I respectfully dissent.

Although I concur in the majority's holding that the conviction of armed robbery must be vacated, I cannot agree to the majority's findings in two of the issues raised by the defendant that I believe mandate reversal.

In regard to the court's instruction on the elements of felony murder, I reaffirm my dissent in *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), in which I set forth my approval of *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976).

Also, I am persuaded that the court's alibi instruction was erroneous.

The pertinent portion of that instruction reads:

"If you believe from the testimony that you have heard that Mr. Wilder was some place else when this crime occurred, if you find out that this is a crime, you must find him not guilty, if he was some place else.

"Now if you do not believe his defense—now listen carefully—you must not convict him upon that alone because you must keep in mind that he didn't have to bring that up to you. The test is is he guilty beyond a reasonable doubt *upon the evidence that the prosecution has brought you, not what he's brought you.*

"In other words, what I am saying is this: if you decide that the witnesses that testified for him just totally lied to you, that's not enough for you to convict him upon. You can consider that, but you *then must go to the prosecution's case* and say did the prosecutor prove him guilty beyond a reasonable doubt? Now I hope you understand me. If you do not believe his witnesses that is not enough alone to convict him on. The test is did the prosecution prove him guilty beyond a reasonable doubt. Now you must keep in mind, as I have said, alibi is a legal defense, it is a good defense if you believe it." (Emphasis added.)

In *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973), this Court stated:

"An instruction to the jury concerning the defense of alibi must *clearly* explain that this defense offers two avenues of relief for the defendant. First, if the alibi is established, a perfect defense has been shown and the defendant should accordingly be acquitted. Alternatively and, perhaps, *more importantly,* the instruction must clearly indicate that if any reasonable doubt exists as to the presence of the defendant at the scene of the crime then, also, the defendant should be acquitted. *People v Virgil Brown,* 15 Mich App 600, 605–606; 167 NW2d 107, 110 (1969); *People v Loudenslager,* 327 Mich 718, 726; 42 NW2d 834, 837 (1950)." (Emphasis added.) 48 Mich App at 630.

The *Erb* Court's "two avenues of relief" analysis

is founded on 80 years of legal precedent. See *People v Burden,* 395 Mich 462, 467; 236 NW2d 505, 507 (1975), citing *People v Resh,* 107 Mich 251; 65 NW 99 (1895). Where an alibi instruction fails to clearly enunciate the dual purposes of alibi testimony, this Court has found reversible error. *People v John Johnson,* 58 Mich App 60; 227 NW2d 228 (1975), *People v William Johnson,* 54 Mich App 678; 221 NW2d 452 (1974), *People v McShan,* 53 Mich App 407; 219 NW2d 792 (1974). See also, *People v Marvill,* 236 Mich 595; 211 NW 23 (1926).

Although the trial court did instruct that the prosecution had to prove defendant's guilt, and by implication his presence at the scene of the crime, beyond a reasonable doubt, I remain convinced that the instruction failed to clearly set forth to the jury that such a doubt could arise by virtue of the alibi testimony. On the contrary, the instruction can be reasonably read to have informed the jury that if they rejected the alibi as a perfect defense, they were to consider reasonable doubt solely on the prosecution's case-in-chief, with *total* disregard of the alibi evidence presented by the defense. I find the court's instruction erroneous and grounds for reversal of the conviction.

Finally, I disagree with the majority's treatment of the trial court's statement that the "murder weapon" had not been found. The majority appears to argue that since the defense was alibi, a statement that may have been perceived by the jury to have been the court's personal belief that a murder had been committed was not prejudicial. This argument ignores the prosecution's duty, in *all* criminal cases, to prove the elements of the charged offense beyond a reasonable doubt. A defense of alibi is not an admission that a murder

occurred, it is merely a statement that *if* such an act was committed, it is not *this* defendant who is guilty of the crime. Under the reasoning of the majority, could not a trial court instruct a jury, where the defense is alibi, that the prosecution's case establishes the commission of the crime and that they thus need not deliberate on the elements? I doubt whether any appellate court would uphold such an instruction.[1]

Although I would find the court's statements to be both erroneous and prejudicial, I would not find them to require reversal. No objection was raised to the court's apparently inadvertent use of the term "murder weapon". Had a prompt objection been raised, the court could have corrected its instruction, thereby eliminating any possibility of improperly influencing the jury. *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970).[2]

[1] In *People v Reed,* 393 Mich 342, 348–351; 224 NW2d 867 (1975), the Supreme Court stated that such an instruction is "patently wrong" and grounds for reversal.

[2] Although the Supreme Court in *Reed, supra,* held that an instruction that takes away the jury's right to decide on the existence of an essential element is so fundamentally wrong that harmless error cannot apply, I do not find an error of that magnitude here. The trial court below, unlike the Court in *Reed,* did instruct the jury on the elements of murder, and left that decision to the jury. The challenged statements were prejudicial only in that they may have suggested the court's personal views on the issue.