PEOPLE v LUCKETT

CRIMINAL LAW—EVIDENCE—ALIBI—NOTICE—WAIVER—INSTRUCTIONS
    TO JURY—OBJECTION.
    The prosecution waives its objection to a defendant's failure to
    provide alibi notice when it accepts the introduction of such
    evidence without protest; it was reversible error for the trial
    court, on its own initiative and where the defendant timely
    objected, to give an instruction to the jury to disregard a
    defendant's alibi evidence.

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 January 9, 1974, at Grand Rapids.
(Docket No. 16576.) Decided March 6, 1974.

S. L. Luckett was convicted of assault with in-
tent to commit armed robbery. Defendant appeals.
Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, *Donald A. Johnston III,*
Chief Appellate Attorney, and *David A. Dodge,*
Assistant Appellate Attorney, for the people.

*James S. Brady,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and
VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. Defendant was convicted of
assault with intent to commit armed robbery,

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 137.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 750.88; MSA 28.283. The sole issue on appeal concerns the admissibility of his alibi defense.

Defendant allegedly stole a watch at about 5 a.m. on March 31, 1972. Without having first filed a notice of alibi, the defense offered a witness who testified that he and the defendant were someplace else when the robbery allegedly occurred. The prosecutor made no objections to the introduction of this evidence. Instead, the trial proceeded to its conclusion and final arguments were heard without the admissibility question ever being raised by either side. However, the trial court, on its own motion, instructed the jury to disregard defendant's alibi evidence. This instruction was timely objected to by defendant.

It was error for the trial court to give such an instruction on its own initiative. The prosecution waives its objection to defendant's failure to provide alibi notice when it accepts the introduction of such evidence without protest. *People v Miller,* 250 Mich 72, 74–75; 229 NW 475, 476 (1930).

Reversed and remanded for a new trial.

All concurred.