PEOPLE v SMITH

Docket No. 45988. Submitted December 2, 1980, at Lansing.—Decided
    January 23, 1981.

Clifford Smith was convicted of third-degree criminal sexual
    conduct in the Washtenaw Circuit Court, Patrick J. Conlin, J.
    Prior to trial, defendant timely filed a notice of insanity de-
    fense. On the first day of trial, defendant requested and was
    denied an independent psychiatric evaluation. Defendant did
    not introduce any evidence regarding his sanity, argue the
    issue, or request instructions regarding insanity as a defense.
    He appeals. *Held:*

    1. The court did not abuse its discretion in denying his
    request for a psychiatric examination. To allow the request
    would have required a postponement of the trial. Defendant
    could have made the request earlier and avoided requiring any
    delay.

    2. The court did err in allowing the prosecution to call a
    psychiatrist who testified regarding defendant's prior commit-
    ment to a mental institution as a result of a prior criminal
    sexual offense charge. Defendant's sanity had never been made
    an issue in the trial, and a mistrial should have been granted.

    Reversed and remanded.

1. CRIMINAL LAW — PSYCHIATRIC EXAMINATIONS — STATUTES.

    A trial court did not abuse its discretion in denying a defendant's
    request for an independent psychiatric evaluation made on the
    first day of trial where a grant of the request would have
    required a postponement of the trial and where defense counsel
    could have made the request at an earlier time to avoid a delay
    (MCL 768.20a[3]; MSA 28.1043[1][3]).

2. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS.

    Evidence of a defendant's prior bad acts may only be admitted

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 48, 49, 64, 65.
[2] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
[3] 21 Am Jur 2d, Criminal Law § 54.
    75 Am Jur 2d, Evidence § 158.

where the trial court has determined that its potential prejudicial impact on the jury is outweighed by its probative value.

3. CRIMINAL LAW — DEFENSES — INSANITY — EVIDENCE.

The mere filing of notice that the defense of insanity may be raised does not inject the defense into the trial; admission of evidence of a defendant's sanity by a prosecutor before the defendant has put his sanity into issue is error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*McLain & Winters,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and MacKENZIE, JJ.

PER CURIAM. The defendant was charged with third-degree criminal sexual conduct, MCL 750.520d(1)(c); MSA 28.788(4)(1)(c). A jury convicted the defendant on the charge and he was sentenced to serve 4 to 15 years in prison. The defendant appeals as of right. The defendant, the alleged victim and the sole eyewitness were all patients at the Ypsilanti Forensic Center at the time of the alleged offense.

We find that there was sufficient evidence presented at the defendant's preliminary examination to conclude that there was no abuse of discretion in the magistrate's finding of probable cause that a crime had been committed and probable cause that the defendant committed it.

We find no abuse of discretion in the trial court's denial of the defendant's request for an independent psychiatric evaluation. MCL 768.20a(3); MSA 28.1043(1)(3) requires that the defendant notify the prosecuting attorney at least

five days in advance that a psychiatric examination will be performed. The defendant here did not make the request for an independent psychiatric examination until the first day of trial, January 22, 1979, although the defendant's notice to the prosecutor that an insanity defense would be used was filed December 20, 1978, and the original request for a court ordered psychiatric evaluation of the defendant was made on December 29, 1978. It was not error for the trial court to deny the request for an independent evaluation when compliance with the statute would have required a postponement of the trial for at least five days where the defense counsel could have made the request at an earlier time to avoid a delay of the trial.

Although the defense counsel failed to make a request for the independent psychiatric evaluation until the first day of trial, did not argue the defense of insanity, and did not request instructions on an insanity defense when notice of that defense had been previously filed, we do not find that the attorney's conduct rises to the level of ineffective assistance of counsel. We cannot say that the defendant's attorney did not "perform at least as well as a lawyer with ordinary training and skill in the criminal law and * * * conscientiously protect his client's interests, undeflected by conflicting considerations". *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). Nor can we say that if a new trial were granted and the mistakes were not repeated that the defendant "may very well be acquitted". *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969).

During direct examination of the prosecution's psychiatric witness, the witness testified that he was of the opinion that the defendant was not

mentally ill. On redirect examination of that witness, the prosecutor asked the witness why the defendant had been committed to a mental institution in Fulton, Missouri. The doctor responded that he believed that he had read that there was a criminal sexual conduct charge on the record. The defense immediately moved for a mistrial. The trial court denied that motion.

We find that under the circumstances, the denial of the motion for a mistrial was error and the defendant's conviction must be reversed and remanded. Evidence of a defendant's prior bad act may only be admitted where the trial court has determined that its potential prejudicial impact on the jury is outweighed by its probative value. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). No such determination was made by this trial court. Neither was the prior bad act shown to have been used by the doctor to form a basis of his opinion of the defendant's sanity.

This case is distinguishable from *People v Woody,* 380 Mich 332; 157 NW2d 201 (1968), where the prosecutor questioned the defendant's psychiatrist regarding certain antisocial behavior committed by the defendant. The *Woody* Court held that once the defendant introduced evidence of insanity, the burden was on the people to prove sanity beyond a reasonable doubt and, therefore,

"Testimony of prior arrests, convictions, assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged, became material and admissible as bearing on the issue of his sanity. The people were entitled to all rights of cross-examination of the defense witness and to introduce rebuttal testimony by witnesses of their own." *People v Woody, supra,* 338.

In the present case, the defense of insanity was never argued in the defendant's opening or closing arguments and no request for instructions on that defense was ever made. The mere filing of notice that the defense may be raised does not inject the defense into the trial. The psychiatric witness was a prosecution witness, not one for the defense. The witness had already testified on direct examination that he was of the opinion that the defendant was not mentally ill. The question about the defendant's past misconduct on redirect was an improper bolstering of the witness's testimony by the prosecution. In fact, the defendant never even raised the question of his sanity so the calling of the psychiatrist before the defendant ever put his sanity into issue was error in itself. The trial court recognized that the witness's testimony was improper and indicated at the time that he would direct the jury to disregard it. No curative instruction was ever given. The error attendant to this proceeding cannot be considered "harmless" to the defendant and so requires reversal. *People v Christensen,* 64 Mich App 23; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976), *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978). Therefore, we reverse the defendant's conviction and remand for a new trial.

Reversed and remanded.