PEOPLE v CHAPMAN

Docket No. 88232. Submitted November 14, 1986, at Grand Rapids. Decided September 14, 1987.

Stanley A. Chapman was convicted of operating a motor vehicle while under the influence of intoxicating liquor, third offense, following a jury trial in Mecosta Circuit Court, Lawrence C. Root, J. Defendant appealed, claiming error in the trial court's denial of his pretrial petition for a psychiatric evaluation.

The Court of Appeals *held:*

1. Insanity resulting from long-term voluntary alcohol abuse is a valid defense to a criminal charge.

2. The petition requesting a psychiatric evaluation was sufficient notice to the prosecutor of defendant's intent to assert an insanity defense. In any event, the prosecutor waived the statutory notice requirement by his failure to object.

3. The trial court did not have the authority to deny defendant's request for a psychiatric evaluation.

Reversed and remanded for further proceedings.

1. CRIMINAL LAW — DEFENSES — INSANITY — VOLUNTARY INTOXICATION.

Insanity resulting from long-term voluntary alcohol abuse is a valid defense to a criminal charge.

2. CRIMINAL LAW — DEFENSES — INSANITY — NOTICE.

A defendant's pretrial petition for a psychiatric evaluation as to his criminal responsibility can serve as sufficient notice to the trial court and the prosecution of the defendant's intent to assert an insanity defense (MCL 768.20a[1]; MSA 28.1043[1][1]).

REFERENCES

Am Jur 2d, Incompetent Persons §§ 95-97, 113 *et seq.*

Notice to government of defense based upon defendant's mental condition at time of alleged crime, and court-ordered psychiatric examination thereon, under Rule 12.2, Federal Rules of Criminal Procedure. 63 ALR Fed 552.

Effect of voluntary drug intoxication upon criminal responsibility. 73 ALR3d 98.

Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR 3d 1236.

3. Criminal Law — Defenses — Insanity — Psychiatric Evalua-
   tions.

    A trial court, upon receiving notice of a defendant's intent to
   assert an insanity defense, is without discretion to deny the
   defendant's request for a psychiatric evaluation at the forensic
   center (MCL 768.20a[2]; MSA 28.1043[1][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James R. Samuels,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: R. M. Maher, P.J., and D. F. Walsh and C. Stell,* JJ.

Per Curiam. Defendant was convicted by a jury of operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625; MSA 9.2325. Sentenced to forty to sixty months imprisonment, defendant appeals as of right from his conviction.

Three months prior to trial, defendant filed a petition for a psychiatric evaluation to determine his "criminal responsibility" and "[a]bility to assist counsel in preparing a defense." At the hearing on the petition, defense counsel conceded that defendant was competent to stand trial and limited his argument to whether defendant was legally insane at the time of the offense. The trial court denied the petition, finding no basis for an insanity defense. The sole issue on appeal is whether the trial court erred in denying defendant's request for a psychiatric evaluation. We reverse the trial court's decision.

First, defendant may assert an insanity defense

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

in this case. We recognize that voluntary intoxication may not provide the basis for an insanity defense. MCL 768.21a(2); MSA 28.1044(1)(2). Defendant's claim, however, is based on the effects of his long-term alcoholism and neurological damage caused by several head injuries. Insanity resulting from long-term voluntary alcohol abuse is a valid defense even though the defendant may also have been intoxicated at the time of the offense. *People v Matulonis,* 115 Mich App 263; 320 NW2d 238 (1982). See also *People v Conrad,* 148 Mich App 433; 385 NW2d 277 (1986), lv den 424 Mich 908 (1986) (statute does not automatically preclude for all time the assertion of an insanity defense if a person is rendered insane by the voluntary ingestion of a drug).

Second, the petition requesting a psychiatric evaluation was sufficient notice of defendant's intent to assert an insanity defense. The purpose of the notice requirement is to protect the public and to avoid unfair surprise to the prosecution at trial. *People v Giuchici,* 118 Mich App 252, 263; 324 NW2d 593 (1982). While not labeled as a notice, the petition served the purpose of alerting the prosecutor to the possibility that defendant planned to assert insanity. It is also true that the petition did not list the witnesses defendant intended to call to support his claim as required by MCL 768.20a(1); MSA 28.1043(1)(1). However, a notice of insanity may be amended to include the names of witnesses as the names become known to the defendant. *Guichici, supra.*

In addition, the prosecutor waived the required notice by his failure to object. Cf. *People v Luckett,* 52 Mich App 33; 216 NW2d 460 (1974) (the prosecution can waive notice of alibi by failing to object), and *People v Hence,* 110 Mich App 154, 174; 312 NW2d 191 (1981) (a defendant will be deemed

to have waived notice of proposed alibi rebuttal witnesses by failing to object).

Finally, the trial court did not have the authority to deny defendant's request for a psychiatric examination at the forensic center. MCL 768.20a(2); MSA 28.1043(1)(2) provides in part:

> Upon receipt of a notice of an intention to assert the defense of insanity, a court shall order the defendant to undergo an examination relating to his or her claim of insanity by personnel of the center for forensic psychiatry or by other qualified personnel, as applicable, for a period not to exceed 60 days from the date of the order.

This Court has implied that the decision to grant or deny a defendant's request for an independent psychiatric evaluation is within the discretion of the trial court. *People v Smith,* 103 Mich App 209, 211; 303 NW2d 9 (1981); *People v Dumont,* 97 Mich App 50, 55; 294 NW2d 243 (1980). However, the subsection of the statute allowing independent psychiatric evaluation states:

> The defendant may at his or her own expense, or if indigent, at the expense of the county, secure an independent psychiatric evaluation by a clinician of his choice on the issue of his or her insanity at the time the alleged offense was committed. [MCL 768.20a(3); MSA 28.1043(1)(3).]

We construe the Legislature's use of the word "shall" in subsection (2) as depriving the trial court of the discretion to deny a psychiatric evaluation by the forensic center when the defendant has asserted an insanity defense.

Defendant's OUIL conviction is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.